408 A.2d 1146
**COMMONWEALTH of Pennsylvania**
v.
**Melvin H. RITTER, Jr., Appellant.**
Superior Court of Pennsylvania.
Submitted March 12, 1979.
Filed Aug. 30, 1979.
Petition for Allowance of Appeal Denied Nov. 7, 1979.

564

Allen H. Smith, York, for appellant.

John C. Uhler, District Attorney, York, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following non-jury trial and adjudication of guilty of the summary offenses of retail theft and criminal trespass.[1] Factually, the testimony established that appellant had entered a department store and had removed a radio without paying for it. Store officials had observed appellant's furtive action via closed-circuit television, but had been unable to intercept him prior to his escape. He was known to them, however, because a number of days prior to the instant

---

1. "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. §§ 3929 and 3503(b), respectively.

occasion appellant had been apprehended inside the store while attempting to leave with items without paying for them and store officials told him that the next time he appeared on the premises he would be considered a trespasser. Thus on the day of the crime charged herein appellant's identity was known. Local police were called, and they obtained a search warrant, went to the home of appellant, and, finding him in possession of the stolen radio, arrested him. Charges were then filed.

Trial commenced in Common Pleas Court for the reason that the trespass charge had originally been graded a misdemeanor. At the beginning of trial the Commonwealth stipulated, with the acquiescence by the defendant, that the trespass charge was regraded to a summary offense. Appellant now argues that the Common Pleas Court had no jurisdiction to try the summary offenses charged, but rather that the matter should have been remanded to the justice of the peace for hearing.

A justice of the peace does have jurisdiction to hear and decide summary criminal proceedings. Act of 1929, April 26, P.L. 824, 42 P.S. § 391 (applicable at the time of the instant case), replaced by Act of 1976, July 9, P.L. 586, as amended, effective June 27, 1978, 42 Pa.C.S. § 1515. But courts of Common Pleas have concurrent jurisdiction. Article 5, section 9, of the Pennsylvania Constitution of 1874 provided that judges of the courts of common pleas "shall be . . justices of the peace as to criminal matters" within their districts. The authority of common pleas courts is carried on in the present Constitution, Article 5, Section 5, providing that courts of common pleas have "unlimited original jurisdiction in all cases except as may otherwise be provided by law." See also the Schedule to Article 5, § 4, stating that "until otherwise provided by law, the several courts of common pleas shall exercise the jurisdiction now vested in the present courts of common pleas. We find no statutory limitation of the jurisdiction of common pleas courts over criminal matters defined as "summary offenses", wherein also justices of the peace (now called District Justices) may

also exercise jurisdiction. As we stated in *Commonwealth v. Dawkins,* 216 Pa.Super. 198, 264 A.2d 722 (1970), a common pleas judge may sit as a committing magistrate.

A criminal defendant is not entitled to a jury trial in a summary proceeding. *Pa.R.Crim.P.* rule 63(b). Appellant's argument to the contrary is without merit.

Judgment of sentence affirmed.