521 A.2d 472

**COMMONWEALTH of Pennsylvania**

v.

**Michael J. McANDREW, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1986.

Filed Feb. 25, 1987.

George F. Schoener, Jr., Philadelphia, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Com., appellee.

Before McEWEN, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

An order granting a Commonwealth petition for temporary assignment of a District Justice, pursuant to Pa.R. Crim.P. 23(d) is being questioned in this appeal.

From the record we can discern the following facts. On March 27, 1986, Appellant was charged with the murder of his wife. A preliminary hearing was held before District Justice M. William Peterson on April 8, 1986. Following the presentation of testimony and argument District Justice Peterson held that the Commonwealth failed to establish a *prima facie* case and ruled that Appellant be discharged. The Commonwealth filed a Petition for Temporary Assignment of a District Justice on April 14, 1986. The Petition alleged that District Justice Peterson was "unable to comprehend the complex factual . . . and legal issues" presented at the preliminary hearing and that he "had a predisposition to dismiss the charges" which necessitated a temporary assignment of a different issuing authority to insure a fair and impartial proceeding. Notice of the Petition was given to Appellant and he responded with an Answer and Memorandum of Law. Thereafter, the court scheduled a "hearing" on the petition for April 25, 1986.

At the time for the appointed "hearing", there were no witnesses sworn, no testimony taken and no evidence introduced. The court did hear the arguments of counsel and did review the transcript of the preliminary hearing before granting the relief requested by the Commonwealth. In its Opinion the court gave the following reasons for its ruling:

> Inasmuch as the Commonwealth has presented evidence establishing District Justice M. William Peterson's predisposition, his lack of understanding of the relevant law and his intent to recuse himself if reassigned to the case, the temporary appointment was properly granted to in-

sure fair and impartial proceedings and the efficient administration of justice.

Appellant filed the instant appeal alleging that there was no evidence presented to support the court's finding. We agree, and accordingly, reverse the order of court which granted the Commonwealth's Petition.

Pa.R.Crim.P., Rule 23(d) is applicable in this case and it provides:

A motion may be filed requesting a temporary assignment under paragraph (b) on the ground that the assignment is needed to insure fair and impartial proceedings. Reasonable notice and opportunity to respond shall be provided by the parties.

As recounted in the facts, the Commonwealth filed a petition requesting a temporary assignment under Rule 23, notice of the petition was given to Appellant who had an opportunity to respond, an a "hearing" date was set. However, the "hearing" was really no hearing at all. No witnesses were sworn and there was no testimony upon which the court could base its finding of predisposition, misunderstanding and intent to recuse on the part of District Justice Peterson.

By its Brief the Commonwealth argues that Rule 23 does not require a hearing and alternatively that the argument presented by counsel before the court constituted a hearing.

We agree with the Commonwealth that Rule 23 may not require a hearing in every instance where a motion requesting a temporary assignment is filed. The Comment to Rule 23 states:

The motion procedure of paragraph (d) is intended only to apply when a party requests temporary assignment to insure fair and impartial proceedings. *The president judge may, of course, order a response and schedule a hearing with regard to such a motion.*

In *Mun. Pub. v. Court of Common Pleas et al.*, 507 Pa. 194, 489 A.2d 1286 (1985), the Supreme Court was considering a recusal motion and noted that "where, fabricated,

frivolous or scurrilous charges are raised against the presiding judge during the course of the proceedings, the court may summarily dismiss those objections *without hearing* where the judge is satisfied that the complaint is wholly without foundation". *Id.*, 507 Pa. at 202, 489 A.2d at 1290.

■ We believe this reasoning is applicable to Rule 23 and contemplated by the Comment to that Rule. Accordingly, a petition may be summarily dismissed without a hearing where the petition is wholly without foundation. Where, however, the judge finds arguable merit in the petition sufficient to conclude that the allegations justify an evidentiary hearing, then such a hearing must be held and thereafter, the court will be able to rule, based on the evidence presented, whether a temporary assignment is needed to insure fair and impartial proceedings.

■ In the instant case the Commonwealth's motion was granted solely on the basis of the petition. No testimony was elicited to support the petition. It is abhorrent that a District Justice could be removed from his position and another assigned in his place based on mere allegations. The situation herein may be likened to that where a party seeks to have a judge recused. When a party asserts that a judge should be disqualified, he or she bears the burden of producing evidence establishing bias, prejudice or unfairness necessitating the recusal, and failure to adduce competent evidence will result in a denial of the recusal motion. *Commonwealth v. Stanton*, 294 Pa.Super. 516, 440 A.2d 585 (1982). If without cause shown a judge could be removed at the whim of the Commonwealth, based solely on allegations contained in the petition, the purpose of an independent judiciary would be frustrated.

The Commonwealth also submits that a "hearing" was indeed held in this case since argument was heard on the issue. We cannot subscribe to such a definition of the term hearing. As we have stated, some evidence in support of the Commonwealth's allegations must be received by the judge in order for the judge to make a finding that the appointment of a temporary district justice is proper to

insure a fair and impartial proceeding. The term hearing is defined in Black's Law Dictionary as:

Proceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and parties proceeded against have right to be heard, and is much the same as a trial and may terminate in final order.

H. BLACK'S LAW DICTIONARY 649 (5th ed. 1979).

In the instant case, no hearing was held and therefore there is present in the record no evidence to support the court's ruling. For this reason, we must reverse the order granting the Commonwealth's petition for the temporary assignment of a District Justice.

Order reversed.