532 A.2d 845

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth ALLEM, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 5, 1986.

Filed Oct. 13, 1987.

174

176

Michael Yanoff, Lansdale, for appellant.

Andrew Demarest, Assistant District Attorney, Doylestown, for Com.

Before McEWEN, DEL SOLE and KELLY, JJ.

KELLY, Judge:

This case involves an appeal from an order granting the Commonwealth's motion for temporary assignment of issuing authority to a judge of the court of common pleas. We affirm.

On January 10, 1986, a complaint was filed with District Justice J. Robert Hunsicker charging appellant with corruption of minors (18 Pa.C.S.A. § 6301), indecent assault (18 Pa.C.S.A. § 3126), and indecent exposure (18 Pa.C.S.A. § 3127) relating to events occurring from the summer of 1983 until February 7, 1984. The district justice found probable cause and authorized the issuance of a warrant the same day. A preliminary hearing was scheduled for February 13, 1986. However, neither the affiant, Detective Stephen Battershell, nor any of the Commonwealth's witnesses appeared for the hearing. District Justice Hunsicker called the detective to determine why he had not appeared. Detective Battershell explained that he had confused the dates of the preliminary hearing and asked that he be granted a continuance. District Magistrate Hunsicker, however, dismissed the complaint and discharged the appellant.

On February 26, 1986, Detective Battershell refiled the criminal complaint against appellant. District Justice Hunsicker again found probable cause for issuance of process and a summons was issued that day. However, before a preliminary hearing could be held, the Commonwealth filed a motion to have a judge of the Court of Common Pleas temporarily assigned as issuing authority[1] to conduct the preliminary hearing in the instant case. Appellant was served with the written motion and filed a written answer. An informal hearing on the motion was held on March 13, 1986, during which oral argument was presented by counsel. The motion was granted by order of the Honorable

---

1. "Issuing authority" is defined at Pa.R.Crim.P. 3(j):

   Issuing authority is any public official having the power and authority of an alderman, justice of the peace, magistrate or district justice.

   *Cf.* 42 Pa.C.S.A. § 102.

Isaac S. Garb, President Judge, on March 17, 1986. Notice of appeal was filed on March 21, 1986.

On April 9, 1986, President Judge Garb filed a Memorandum Opinion in support of the order which explained:

At the hearing on the 'change of venue' application, it became apparent that there was a disagreement between the Commonwealth and the defendant as to the basis for the discharge by the District Justice. The Commonwealth contended that the discharge was effected based upon the application of the two year statute of limitations. The defense contended that the discharge was based upon the failure of the Commonwealth to present any evidence. Conceivably, although we cannot be sure, the reason for the discharge might have some effect on the question of whether the Commonwealth can refile the complaint and rearrest the defendant. By the same token, there may very well be various circumstances why the statute of limitations may not have run merely by the lapse of two years from the date of the alleged offense. See the Act of April 28, 1978, P.L. 202, No. 53, 42 Pa.C.S.A. 5554.

In view of the possible uncertainty regarding the reasons for the discharge, it occurred to us that the District Justice may be required to testify at a preliminary hearing. That being the case, we determined that the interests of justice would dictate that the hearing be held before someone other than the original committing magistrate. For purposes of convenience, it made sense to assign it to a Judge of this Court rather than another District Justice.

The primary reason for our order, however, was concern for the young victim. If the statute of limitations is a bar to further prosecution, then we can see nothing to be gained but perhaps a great deal to be lost by requiring this victim to testify in vain. Therefore, we deemed it appropriate to retain the matter here so that the question of the statute of limitations can be explored and perhaps

decided without the necessity of holding a full scale preliminary hearing on the merits.

Trial Court Opinion at 2–3.

On appeal, appellant contends that the Commonwealth failed to establish any reason why a hearing before District Justice Hunsicker would not result in a fair and impartial proceeding and that the trial court erred in granting the motion. We agree that the reasons stated by the common pleas court are inadequate to sustain the order. Nonetheless, "[a] ruling or decision of a lower court will be affirmed if it can be supported on any basis despite the lower court's assignment of a wrong reason." *Commonwealth v. Terry*, 513 Pa. 381, 402, 521 A.2d 398, 409 (1987), *citing Sherwood v. Elgart*, 383 Pa. 110, 177 A.2d 899 (1955). Because we find the order properly sustainable on alternate grounds, we affirm the order.

## I.

The common pleas court states two reasons for its decision to grant the order: 1) that the district justice might be required to testify at the preliminary hearing; and 2) that by retaining the matter before the Court of Common Pleas the statute of limitations issue could be resolved first, possibly eliminating the need for the alleged child victim to be subjected to pointless questioning. Neither of the reasons stated provides a proper or adequate basis to sustain the order.

## A.

▊ Ordinarily, the decision of an issuing authority to dismiss a complaint is deemed interlocutory, and the Commonwealth's sole avenue of redress is to bring the matter before another issuing authority before the statute of limitations period expires. *Commonwealth v. Genovese*, 493 Pa. 65, 69 n. 7, 425 A.2d 367, 369 n. 7 (1981); *Commonwealth v. Hetherington*, 460 Pa. 17, 21–22, 331 A.2d 205, 208 (1975); *Riggins Case*, 435 Pa. 321, 323, 254 A.2d 616, 617 (1969); *McNair's Petition*, 324 Pa. 48, 54, 187 A. 498,

501 (1936). The doctrines of collateral estoppel, *res judicata,* law of the case, and *stare decisis* have no operation in such proceedings; rather, the matter is heard *de novo.* In *Commonwealth v. Prado,* 481 Pa. 485, 488, 393 A.2d 8, 10 (1978), however, our Supreme Court held that an issuing authority's decision to dismiss a complaint was appealable when, under the applicable local rules, review of the complaint by another issuing authority was not available.

Together, the right to *de novo* review and the right to a direct appeal when *de novo* review is not available provide full and adequate means for the Commonwealth to seek redress from an allegedly erroneous determination by an issuing authority to dismiss a complaint. Consequently, we see no reason to permit the Commonwealth to attack the order dismissing the original complaint collaterally in proceedings on the refiled complaint by subjecting the district justice to a subpoena and the unseemly spectacle of cross-examination as to the basis of his decision to dismiss the original complaint.

■ Moreover, in the instant case, District Justice Hunsicker permitted the complaint to be refiled, summons to be issued, and a preliminary hearing to be scheduled. Because *de novo* review of the complaint is available in the instant case, any error in the original proceedings is rendered moot. *See Commonwealth v. Genovese, supra; Commonwealth v. Hetherington, supra; Riggins Case, supra; McNair's Petition, supra.* Thus, the district justice may not be subpoenaed to testify regarding matters which have been rendered moot, and therefore irrelevant.

### B.

■ The common pleas court also indicated that assignment of a judge of the court of common pleas was necessary in order that the statute of limitations issue could be resolved prior to requiring the alleged child victim to testify at the preliminary hearing. Appellant contends that:

The Commonwealth is dissatisfied with the initial disposition of the charges and, *now that the statute of limitations period has run,* the District Attorney is attempting to circumvent the standard preliminary hearing procedure in the hope that this will cure the previous neglect of prosecution.

(Appellant's Brief at 8). (Emphasis added). As noted previously, a refiled complaint must be filed within the limitations period. *See Commonwealth v. Hetherington, supra,* 331 A.2d at 208. However, we find that the face of the record establishes that at least some of the criminal acts upon which the complaint is predicated occurred within the limitations period, and that *de novo* review of the complaint is appropriate.[2] However, because some of the acts alleged in the probable cause affidavit *may* have occurred outside the limitations period, it will be necessary for the issuing

2. Prosecutions for corruption of minors, indecent assault and indecent exposure must commence within two years of the date of the offense. 42 Pa.C.S.A. § 5552(a). A prosecution is *commenced* when a warrant or summons is issued, if such warrant, summons, or citation is executed without unreasonable delay. 42 Pa.C.S.A. § 5552(e); *see Commonwealth v. Kimble,* 323 Pa.Super. 499, 508–09 & n. 11, 470 A.2d 1369, 1374 & n. 11 (1984) (*en banc*). For convenience and clarity we calculate the running of the statute of limitations backwards from the issuance of process on the instant complaint to determine which of the acts alleged in the complaint occurred within the limitations period.

A summons was issued on the instant complaint on February 26, 1986. Thus, the two year statute of limitations cut-off date would be February 26, 1984. However, during the pendency of the proceeding on the original complaint the statute of limitations was tolled. 42 Pa.C.S.A. § 5554(2). The proceedings on the original complaint were commenced when a warrant was issued on January 10, 1986, and terminated on February 3, 1986, when the complaint was dismissed. Therefore, the cut-off date must be adjusted by thirty-four (34) days to January 24, 1984.

The affidavit of probable cause, upon which the instant complaint was issued, alleged that the offenses arose from criminal acts which were "on-going from the summer of 1983 until February 7, 1984." Thus, some of the acts alleged occurred within the limitations period (those committed between January 24, 1984 and February 7, 1984). However, some of the acts *may* have been committed outside the limitations period (those committed between the summer of 1983 and January 23, 1984).

authority assigned to determine the precise cut-off date for the limitations period.[3]

In determining when the limitations cut-off date should be fixed, the issuing authority should inquire as to whether the statute has been tolled for any additional periods of time. *See* 42 Pa.C.S.A. § 5554.[4]

We agree that statute of limitations issues should be resolved before a child victim or witness is required to go through the ordeal of testifying at a preliminary hearing. *See generally* Myers, *The Legal Response to Child Abuse,* 24 Fam.L.J. 149, 182–84 & nn. 109–112 (1986) (discussing the need to minimize trauma caused by pre-trial procedure); Arther, *Child Sexual Abuse,* Vol. 37, No. 2, Juv. & Fam. Ct.J. 1, 30–31 (1986) (same). The common pleas court's concern for the welfare of the alleged child victim is laudable, and reflects the strides which the courts and the

3. Criminal liability may not be imposed upon acts committed outside the limitations period. 42 Pa.C.S.A. § 5552. However, evidence of criminal acts committed outside the limitations period might be admissible to corroborate evidence of criminal acts occurring within the limitations period. *See Commonwealth v. Claypool,* 508 Pa. 198, 204 & n. 2, 495 A.2d 176, 178–79 & n. 2 (1985), *citing,* McCormick, *Evidence,* § 190 at 449 (2nd Ed. 1972); *see also Commonwealth v. Rodriguez,* 343 Pa.Super. 486, 493–94, 495 A.2d 569, 573 (1985).
   We note further that once the limitations cut-off date is determined the complaint should be amended to exclude allegations relating to acts committed outside the limitations period. Pa.R.Crim.P. 150; Pa.R.Crim.P. 225(b)(3); *Commonwealth v. Niemetz,* 282 Pa.Super. 431, 422 A.2d 1369 (1980) (the information must allege the date of the offense or an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations).

4. Because this case involves charges of sexual child abuse by the victim's stepfather, due consideration should be paid to 42 Pa.C.S.A. § 5554(3) which provides in pertinent part:
   ... the period of limitations does not run during any time when:
      (3) a child is under 18 years of age, where the crime involves injuries to the person of the child caused by the wrongful act, or neglect, or unlawful violence, or negligence by the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent.
   (Amended July 10, 1985, effective 60 days thereafter). We do not decide here what, if any, effect this provision may have on the instant case.

legislature have taken with respect to the special problems and concerns which child sexual abuse cases present. *See e.g.* 42 Pa.C.S.A. § 5981 *et. seq.;* 42 Pa.C.S.A. § 5554(3). Nonetheless, we find no reason why the district justice assigned could not have resolved the statute of limitations issue. Consequently, we find this concern to be an inadequate basis upon which to sustain a Pa.R.Crim.P. 23(d) motion.

## II.

Nonetheless, we find the order properly sustainable on alternate grounds. We find that reassignment of the case was appropriate to promote the efficient administration of justice by insuring prompt *de novo* review of the refiled complaint by a different issuing authority. We find further that to the extent that Pa.R.Crim.P. 23(d) may require "reasonable notice and an opportunity to defend" in such cases, the procedures followed were more than adequate. Accordingly, we affirm the order.

■ Initially, we note that judges of the court of common pleas are clearly empowered to sit as issuing authorities. Pursuant to 42 Pa.C.S.A. § 912, "[e]very judge of a court of common pleas shall have all the power of a judge or a district justice of the minor judiciary." An "issuing authority" is defined as "any public official having the power and authority of an alderman, justice of the peace, magistrate, or district justice." Pa.R.Crim.P. 3(j). Thus, judges of the courts of common pleas have concurrent jurisdiction as issuing authorities with the district justices of each magisterial district within their judicial districts. *See Commonwealth v. Ritter,* 268 Pa.Super. 563, 566, 408 A.2d 1146, 1147 (1979); 42 Pa.C.S.A. § 931(b). Indeed, in *Riggins Case, supra,* our Supreme Court noted:

> Although *McNair's Petition, supra,* allows a rearrested defendant to be taken before any other officer empowered to hold preliminary hearings, the practice where the

original officer is a lay magistrate is to take the case before a judge of a court of record the second time. *Riggins Case, supra,* 254 A.2d at 618 n. 3.

The question instantly, then, is not whether a judge of the court of common pleas could properly conduct the preliminary hearing on the refiled complaint; but, whether the president judge had the authority to reassign the instant case from District Justice Hunsicker to a judge of the court of common pleas. We find that the president judge had such authority.

██ Under 42 Pa.C.S.A. § 325(e), the president judge of a court of common pleas is designated as the executive and administrative head of the court of common pleas and is specifically empowered to make all judicial assignments. This grant clearly includes the authority to assign a judge of the court of common pleas as issuing authority to conduct a preliminary hearing. Under Rule 17 of the Rules Governing Standards of Conduct of District Justices, "[t]he president judge of the court of common pleas of a judicial district shall exercise general supervision and administrative control over district justices within his judicial district." Furthermore, under Pa.R.Crim.P. 23:

> The president judge may assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is needed to satisfy the requirements of paragraph (a) [twenty-four hour availability], to insure fair and impartial proceedings, or otherwise for the efficient administration of justice....

The powers of a president judge of a court of common pleas over the assignment of issuing authorities are plenary. The only express limitation of a president judge's discretion with regard to the assignment of issuing authorities is the requirement that when a party makes a motion pursuant to Pa.R.A.P. 23(d) requesting temporary assignment to insure fair and impartial proceedings, "[r]easonable notice and an opportunity to defend shall be provided to the parties."

█ In *Commonwealth v. McAndrew*, 361 Pa.Super. 60, 521 A.2d 472 (1987), this Court found that a motion containing allegations that assignment of another issuing authority was necessary "to insure fair and impartial proceedings" because the assigned district justice "had a predisposition to dismiss the complaint" and because the district justice was "unable to comprehend the complex factual and legal issues involved" was the equivalent of a motion for recusal of an issuing authority. 361 Pa.Superior Ct. at 63, 521 A.2d at 473–74. The *McAndrew* panel then reasoned that when "fabricated, frivolous, or scurrilous charges" are raised against an issuing authority no hearing is needed, but that if the charges have arguable merit, a formal hearing with sworn testimony is required. *Id.*

In *McAndrew*, the Commonwealth based its motion upon grounds which, in fairness to the issuing authority, required application of formal recusal procedures. However, because no such allegations were made in the instant case, we find no reason to require application of the same procedures. The Commonwealth's petition in the instant case merely recited the procedural history of the case and requested assignment of a judge of the court of common pleas as issuing authority. Because the record plainly indicates that a preliminary hearing had been scheduled before the issuing authority who had previously dismissed the refiled complaint, we find that reassignment was appropriate to promote the efficient administration of justice by insuring prompt *de novo* review of the refiled complaint.[5]

5. We emphasize that the controlling distinction between the situation in *McAndrew, supra,* and the instant case is the grounds specified in the motions for reassignment. The grounds alleged in *McAndrew* regarding the need to recuse the assigned issuing authority clearly required proof in a formal hearing; on the other hand, the grounds in the instant case regarding the need for reassignment to provide *de novo* review of the refiled complaint appear on the face of the record and require no further proof. We note that, in *McAndrew*, had the Commonwealth merely claimed its right to *de novo* review of the refiled complaint by a different issuing authority without asserting grounds to recuse the original issuing authority, temporary assignment could properly have been granted.

Although matters would be less complicated if the Commonwealth had simply presented the complaint to a judge of the court of common pleas to be refiled, we do not find that presentation of the complaint to the original issuing authority for refiling waives the right to *de novo* review of the refiled complaint by a different issuing authority. There is no reason why the issuance of process and the conduct of a preliminary hearing must be performed by the same judicial officer. On the other hand, there is a very good reason to permit the Commonwealth to present the complaint to the original issuing authority for refiling without prejudice to the Commonwealth's right to seek *de novo* review of the refiled complaint. Issuance of warrant or summons tolls the running of the statute of limitations. *See* 42 Pa.C.S.A. § 5552(e). By permitting the complaint to be refiled before the original issuing authority without prejudice to the Commonwealth's right to seek reassignment to a different issuing authority for *de novo* review of the refiled complaint, the potential for undue prejudice to the Commonwealth resulting from the limited accessibility of issuing authorities other than the originally assigned issuing authority is reduced. *Cf.* Pa.R.Crim.P. 23(a).

█ Finally, to the extent that Pa.R.Crim.P. 23(d) may be construed to require "notice and an opportunity to defend" whenever a party moves for temporary assignment of a different issuing authority, we find that the procedures followed in the instant case—the filing and service of the written motion and answer, and allowance of oral argument—were more than adequate to meet such a requirement. We see no reason to extend the requirement of a formal hearing (announced in *McAndrew, supra*) beyond the narrow context of a motion for temporary assignment of issuing authority to insure fair and impartial proceedings predicated upon allegations which impugn the character or competence of the assigned issuing authority and which seek the recusal of the assigned issuing authority.

## CONCLUSION

Based upon the foregoing, the Order is affirmed.

DEL SOLE, J., files a concurring and dissenting opinion.

DEL SOLE, Judge, concurring and dissenting:

I concur with the Majority's discussion of the Statute of Limitations. I respectfully dissent from the Majority's affirmation of the trial court order granting the Commonwealth's motion for temporary assignment of issuing authority to a judge of the court of common pleas.

I am in agreement that the question at hand is whether the president judge had the authority to reassign the instant case from District Justice Hunsicker to a judge of the court of common pleas. In light of the facts of this case I find that the president judge did not have such authority. The case at bar came about through a motion procedure. Pa.R.Crim.P. 23(d) states:

A motion may be filed requesting a temporary assignment under paragraph (b) on the ground that the assignment is needed to insure fair and impartial proceedings. Reasonable notice and opportunity to respond shall be provided to the parties.

The Majority finds that the president judge had the authority to reassign the case even though the moving party herein did not allege in their motion any way that assignment of another issuing authority was necessary "to insure fair and impartial proceedings".

In *Commonwealth v. McAndrew*, 361 Pa.Super. 60, 521 A.2d 472 (1987), this Court interpreted Pa.R.Crim.P. 23(d) in a case where, as in the present matter, a motion for temporary assignment had been filed. The court in *McAndrew* relied on the following comment to Rule 23:

The motion procedure of paragraph (d) is intended only to apply when a party requests temporary assignment to

insure fair and impartial proceedings. The president judge, may of course, order a response and schedule a hearing with regard to such motion.

*Id.*, 361 Pa.Superior Ct. at 63, 521 A.2d at 473, 474. The *McAndrew* court interpreted this comment to mean that a petition wholly without foundation may be dismissed without a hearing. *Id.*, 361 Pa.Superior Ct. at 64, 521 A.2d at 474.

In the immediate matter, the Commonwealth's motion for a court of common pleas judge was merely a recitation of the procedural posture of the case; no explanation was given for the request. As the court stated in *McAndrew*, a petition for temporary assignment in a specific case is analogous to recusal. The party seeking to have a judge removed "bears the burden of producing evidence of establishing bias, prejudice, or unfairness necessitating the recusal, and failure to adduce competent evidence will result in a denial of the recusal motion". *Id.* at 361 Pa.Superior Ct. 64, 521 A.2d 474. The Commonwealth's petition herein was wholly without foundation in that it did not assert any manner in which its case would have been prejudiced if it had remained before Justice Hunsicker and therefore it should have been denied.

I agree with the Majority's position that as long as the statute of limitations period has not expired, the Commonwealth has a right to a *de novo* review of a refiled complaint before another judicial officer. However, this case is distinguishable from cases in which the Commonwealth is seeking a new hearing before another issuing authority after the case has been disposed of by the initial judge. *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975), *Riggins Case*, 435 Pa. 321, 254 A.2d 616 (1969), and *McNair's Petition*, 324 Pa. 48, 187 A. 498 (1936). In the immediate matter, the Commonwealth is seeking a new hearing before another issuing authority *while in the midst of preliminary proceedings before District Justice*

*Hunsicker. The Commonwealth is seeking to replace the present issuing authority, as opposed to beginning the hearing process anew.* If a judge could be removed at this stage of the proceedings, without cause shown "the purpose of our independent judiciary would be frustrated". *Commonwealth v. McAndrew, supra,* 361 Pa.Superior Ct. at 64, 521 A.2d at 474.

I disagree with the implication of the Majority's position that a president judge would be empowered to make the reassignment *sua sponte,* notwithstanding an improper motion by the Commonwealth requesting such reassignment. My interpretation of the following section of the comment following Rule 23 is pertinent to the discussion:

> The motion procedure is not intended to apply in any of the many other situations in which president judges make temporary assignments of issuing authorities; in all these other situations the president judges may make temporary assignments on their own without any motion, notice, response, or hearing.

This comment, which permits president judges to make temporary assignment of issuing authorities without a motion or hearing, addresses situations unlike the present one. The comment would apply to an instance where assignment was necessary to replace a district justice due to illness or due to the unavailability of a justice. It would not apply to an instance of removal of a particular justice from a particular case at the request of a party. To suggest otherwise would promote "judge shopping".

For all of the aforementioned reasons. I would have denied the Commonwealth's motion for temporary assignment of a Court of Common Pleas issuing authority absent a hearing.