Charles R. McCRACKEN

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Argued March 17, 1995.
Decided June 15, 1995.

Harold H. Cramer, Asst. Chief Counsel, for appellant.

Charles F. Bowers, III, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and RODGERS, Senior Judge.

McGINLEY, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Beaver County (trial court) which sustained the statutory appeal of Charles R. McCracken (McCracken) from a one year suspension of his operating privileges.

McCracken was convicted of a violation of section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 [1] on December 6, 1990. As a result, DOT imposed a 90 day suspension pursuant to 18 Pa.C.S. § 6310.4.[2]

On December 18, 1993, McCracken was charged with another violation of 18 Pa.C.S. § 6308, among other violations.[3] McCracken

---

**1.** Section 6308 states that "[a] person commits a summary offense if he, being less than 21 years of age, attempts to purchase, purchases, consumes, possesses or knowingly and intentionally transports any liquor or malt or brewed beverages as defined in section 6310.6 (relating to definitions)."

**2.** 18 Pa.C.S. § 6310.4 states in pertinent part:
(a) **General rule.**—Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section ... 6308 (relating to purchase,

consumption, possession or transportation of liquor or malt or brewed beverages) ... the court, ... shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

**3.** The record indicates that McCracken was charged with a number of violations as evidenced by the testimony elicited at a hearing on the matter which took place on April 24, 1994. Charles Bowers, Jr., Esquire, McCracken's coun-

accepted Accelerated Rehabilitative Disposition (ARD) for the December 18, 1993, violation of 18 Pa.C.S. § 6308. His acceptance of ARD was certified to DOT indicating that he accepted a preadjudication disposition and DOT subsequently imposed a one-year operating privilege suspension pursuant to 18 Pa. C.S. § 6310.4.

McCracken filed a statutory appeal from DOT's imposition of the suspension. Before the trial court, McCracken argued that his acceptance into ARD was not an acceptance of a preadjudication disposition and accordingly he should not have been suspended. The trial court, in an order dated April 29, 1994, vacated McCracken's suspension and remanded the case to DOT with instructions to remove the December 18, 1993, offense from his driving record. DOT properly appeals to this court pursuant to Pa.R.A.P. 311(f)(1).

■ On appeal we are asked to determine whether the trial court's ARD program constitutes a "preadjudication disposition" for purposes of 18 Pa.C.S. § 6310.4.[4] We note that our scope of review is limited to determining if the trial court committed an error of law or abused its discretion and whether all necessary findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Driver Licensing v. Hardy*, 160 Pa.Commonwealth Ct. 427, 635 A.2d 230 (1993).

DOT argues that since there is no definition of "preadjudication program", then the statute is ambiguous and the rules of statutory construction should be followed. McCracken asserts that the language of Section 6310.4 unambiguously states that the ARD program he entered is not a "preadjudication program". McCracken argues that the Legislature intentionally chose to limit "preadjudication programs" to those programs imposed by district justices. McCracken points to 18 Pa.C.S. § 6308(c)(1) which states:

> When a person is charged with violating subsection (a), the district justice may admit the offender to the adjudication alternative as authorized in 42 Pa.C.S. § 1520 (relating to adjudicative alternative program) or any other preadjudication disposition if the offender has not previously received a preadjudication disposition for violating subsection (a).

McCracken argues that because he was admitted into the ARD program by a common pleas court judge and not a district justice, then the program is not one envisioned by the Legislature to warrant a license suspension.

In *Commonwealth v. Allem*, 367 Pa.Superior Ct. 173, 532 A.2d 845 (1987), the Pennsylvania Superior Court stated:

> Initially, we note that judges of the court of common pleas are clearly empowered to sit as issuing authorities. Pursuant to 42 Pa.C.S.A. § 912, '[e]very judge of the court of common pleas shall have all the power of a judge or a district justice of the minor judiciary.' An 'issuing authority' is defined as 'any public official having the power and

---

sel, to Judy Enslen, Clerk of Courts of the County of Beaver:

Q: And at my request have you brought with you this morning the records of the Clerk of Courts' Office in the matter of the Commonwealth of Pennsylvania versus Charles McCracken at No. 62 of 1994, Criminal Section?
A: Yes, I have.
Q: I refer you to these original records and ask you to confirm that the charges filed against Mr. McCracken were Burglary, Criminal Trespass, Criminal Mischief, Public Intoxication, and Purchase, Consumption, Possession or Transportation of Intoxicating Beverage?
A: That's correct.
Notes of Testimony, April 27, 1994, at 5–6; Reproduced Record (R.R.) at 17a–18a.

4. The trial court did not issue a formal opinion in this case. However, it is inescapable that DOT has set forth the correct issue on appeal, namely whether an ARD program, to which a licensee is admitted by a common pleas court, constitutes a "preadjudication disposition" under 18 Pa.C.S. § 6310.4 and, therefore, requires a one year license suspension.

Further, the Dissent notes that McCracken's petition to appeal suspension of operator's license only asserted error because of the failure to advise him that acceptance of the ARD program would result in the imposition of a license suspension. While McCracken abandoned this argument at the hearing we note that DOT never objected or argued waiver at any time.

authority of an alderman, justice of the peace, magistrate, or district justice.' Pa. R.Crim.P. 3(j). Thus, judges of the court of common pleas have concurrent jurisdiction as issuing authorities with the district justices of each magisterial district within their judicial districts.

*Allem,* 367 Pa.Superior Ct. at 183, 532 A.2d at 850. Accordingly, we find the result urged by McCracken to be unpersuasive.

■ Here, we find that the term "preadjudication program" has a clear meaning as set forth in Section 6310.4. It is any remedial program that a party enters prior to the disposition of his case. If a licensee leaves without finishing the program the underlying charge proceeds to adjudication. Alternatively, when the licensee successfully completes the program then the court will dismiss the charge. 18 Pa.C.S. § 6310.4 explicitly states that if someone enters such a program for a violation of 18 Pa.C.S. § 6308, then the court *shall* order their operating privileges suspended, regardless of participation in a "preadjudication program".

Accordingly, we reverse the trial court and reinstate McCracken's suspension.

### ORDER

AND NOW, to wit, this 15th day of June, 1995, the order of the court of common pleas of Beaver County at No. 10462 of 1994, and dated April 29, 1994, is reversed. The one year suspension of Charles R. McCracken's operating privileges is reinstated.

FRIEDMAN, Judge, dissenting.

Because I am unable to discern the proper issue on appeal, I must respectfully dissent.

In his "Petition to Appeal Suspension of Operator's License," which Charles R. McCracken (Licensee) filed with the Court of Common Pleas of Beaver County (trial court), Licensee averred:

6. That at no time prior to or at the time of his acceptance into the [Accelerated Rehabilitative Disposition (ARD)] Program was [Licensee] advised that, as a result of his acceptance of the ARD Program, that a license suspension would be imposed as part of a mandatory criminal sentence.

7. That because [Licensee] was not notified that a suspension of his operating privileges would result, his license suspension is invalid and must be revoked....

(R.R. at 6a.) However, during the hearing, Licensee abandoned this argument and challenged his license suspension on the basis that the DL–21C Report[1] sent to the Department of Transportation, Bureau of Driver Licensing (DOT) by the Beaver County Clerk of Courts (clerk) should not have been certified to DOT by the clerk because the case here included an ARD non-motor vehicle violation.[2] (R.R. at 20a–21a.)

Because these are the only two possible issues before the trial court, presumably it was in reference to one of these arguments that the trial court entered its order, which stated as follows:

AND NOW, this 29th of April, 1994, following Hearing in open Court on [Licensee's] Appeal from a one year suspension of his driving privileges under Section 6310.4 of the Vehicle Code, by [DOT] by Notice dated March 11, 1994;

It is hereby ORDERED that said Notice of suspension be, and the same hereby is, vacated, and the above captioned case is

1. The DL–21C Report is entitled "Report of a Court Ordering the Suspension of Operating Privilege as the Result of a Violation of Chapter 63 of Title 18."

2. At the time of the hearing, DOT offered certain certified documents, including the DL–21C Report, into evidence. In response to this offering, Licensee's attorney stated:

Your Honor, we have no objection. However, we do believe that there is a, that they are incorrect in one minor respect which is the essential element of this appeal. And that is the manner in which the block was checked by

the Clerk of Courts' Office when it was sent to Harrisburg....

(R.R. at 14a.) DOT's attorney responded:

For the record the report in question is found at Exhibit No. 2 of the Commonwealth's record. It's a report from the Clerk of Courts of Beaver County indicating that at No. 62 Criminal of 1994 Mr. McCracken was, received the disposition of pre-adjudication disposition on February 22nd, 1994 for violation of Section 6308 of the Criminal Code. The violation date is listed as December 18, 1993....

(R.R. at 15a.)

remanded to [DOT], so that it can correct its records consistent with Exhibit A, attached hereto and made a part hereof, which shows that [Licensee's] alleged December 18, 1993, violation of Section 6308 of the Crimes Code was certified to [DOT] in error.

FURTHER, [DOT] shall forthwith reinstate [Licensee's] driving privileges.

(R.R. at 35a.) Although the trial court never filed a formal opinion in this matter stating the specific reasoning behind its holding, DOT appealed this order arguing that the trial court erred in concluding that the ARD Program here did not constitute a "preadjudication program" for the purposes of 18 Pa.C.S. § 6310.4.

Based on my review of the record, I cannot discern how DOT determined that this was the proper issue for appeal to this court. Accordingly, I do not feel we can properly conduct our appellate review and, thus, I would remand this case to the trial court for the submission of a formal opinion.

However, assuming arguendo that the issue presented by DOT in its brief is the correct issue on appeal, as the Majority seemingly believes, then I note that while agreeing with the result reached by the Majority, I disagree with the reasoning it utilizes in reaching that decision. The Majority bases its determination on *Commonwealth v. Allem*, 367 Pa.Superior Ct. 173, 532 A.2d 845 (1987), and although this is not incorrect, I believe that it is unnecessary. In order to defeat Licensee's argument, we need look no further than the rules of criminal procedure,[3] which specifically provide for a trial court's acceptance of a defendant, like Licensee here, into an ARD Program.[4] *See* Pa. R.Crim.P. 160–186.[5]

Here, based on the rules of criminal procedure, the court of common pleas acted within its authority to accept Licensee into ARD under section 6308 and to suspend Licensee's operating privilege pursuant to section 6310.4. Therefore, Licensee's license suspension here would be proper.

---

**3.** *See Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982) (holding that a rule of criminal procedure is preferable and takes preference over certain statutory procedures).

**4.** The Committee Introduction to Accelerated Rehabilitative Disposition found prior to Pa. R.Crim.P. 160–186, states that:

[t]he rules in this Chapter provide the procedural framework for the utilization of Accelerated Rehabilitative Disposition by the judges of the court of common pleas in court cases *and* in summary cases, and by the minor judiciary in summary cases.

**5.** Further, I note that typically, where a licensee is charged with *only* a summary offense, such as a violation of section 6308, a district justice tries the case and imposes sentence. Pa.R.Crim.P. 83. In that situation, a district justice would usually be the adjudicator who would admit Licensee into ARD. *See* Section 6310.4 which provides that "[w]henever a person ... is admitted to *any* preadjudication program for a violation of section ... 6308 ..., the court, *including a court not*

*of record* [i.e., a district justice] if it is exercising jurisdiction pursuant to 42 Pa.C.S. § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended...." 18 Pa.C.S. § 6310.4(a) (emphasis added). However, here, in addition to his summary offense, Licensee was charged with a number of *other* violations, including misdemeanors and felonies, i.e., offenses within the jurisdiction of the court of common pleas. Because the court of common pleas has concurrent jurisdiction with district justices over summary criminal proceedings, *Commonwealth v. Ritter*, 268 Pa.Superior Ct. 563, 408 A.2d 1146 (1979), and the misdemeanor and felony offenses are solely within the jurisdiction of that court, all of the charges were brought before the court of common pleas for adjudication. Pa.R.Crim.P. 101 Comment; *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973). Thus, purely as a matter of judicial convenience, it was a court of common pleas, not a district justice, that accepted Licensee into ARD. However, this alters nothing with regard to the ARD Program; it remains a preadjudication program for a violation of section 6308 as referred to in section 6310.4.