### Commonwealth v. Holtzman

*Corin William McIlnay,* for the Commonwealth.

*Andrew W. Barbin,* for defendants, Wissinger and Holtzman.

*Robert Shahade,* for defendant Baranick.

KRUMENACKER, *J.,* November 2, 1995—The issue before this court is defendants' oral motion to quash for lack of original jurisdiction to issue a complaint

for a summary violation of the Sunshine Act, 65 P.S. §271 et seq.

The substantive facts are not in dispute. Four citizens of Cambria County charged the three county commissioners in separate criminal complaints with a summary violation of the Sunshine Act. The complaints were presented to District Justice Fred Creany for issuance. District Justice Creany refused to issue process citing lack of jurisdiction and directing the affiants to the court administrator. The district attorney of Cambria County refused the complaints because it is not necessary for him to approve summary complaints. See Pa.R.Crim.P. 106. The complaints were then assigned by President Judge Long to this judge, who directed the clerk of courts to assign docket numbers to the cases and issued an order for a hearing on the complaints.

The Sunshine Act, 65 P.S. §284, provides:

"Any member of any agency who participates in a meeting with the intent and purpose by that member of violating this act commits a summary offense and shall, upon conviction, be sentenced to pay a fine not exceeding $100 plus costs of prosecution."

The Sunshine Act, 65 P.S. §285, provides:

"The Commonwealth Court shall have original jurisdiction of actions involving state agencies and the courts of common pleas shall have original jurisdiction of actions involving other agencies to render declaratory judgments or to enforce this act by injunction or other remedy deemed appropriate by the court. The action may be brought by any person where the agency whose act is complained of is located or where the act complained of occurred."

Section 284 clearly provides for a summary criminal offense with three elements[1] and a designated penalty for violation.

Section 285 designates jurisdiction with the Commonwealth Court for state agencies and the common pleas court involving all other agencies. This section gives specific powers to both courts. The power to render declaratory judgments or to enforce the Act by injunction or other remedy deemed appropriate by the court.

The powers are specific civil remedies; declaratory judgment, Pa.R.C.P. 1601 and injunctive relief, Pa. R.C.P. 1531.

The language "or other remedy deemed appropriate by the court" refers directly to the court's equitable powers, not the criminal powers of the court. See Pa.R.C.P. 1501. The note to Rule 1501 refers to the Commonwealth and political subdivisions as parties. In the Rules of Civil Procedure, "Action" is defined as "any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules." Pa.R.C.P. 2101.

The Rules of Statutory Construction, 1 Pa.C.S. §1932, provide:

"(a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

"(b) Statutes in pari materia shall be construed together, if possible, as one statute."

1 Pa.C.S. §1933 requires that:

---

1. 65 P.S. §284 elements include: 1) Participation in a meeting; 2) Intent; and 3) Purpose to violate the Act.

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."

Both sections 284 and 285 can be construed together in pari materia. Section 284 is criminal, and section 285 is civil. Each provides a plaintiff or affiant a choice of remedies for an alleged violation of the Sunshine Act.

With regard to section 284, the proper procedure to be followed is set forth in Pa.R.Crim.P. 65 through 69. While in some cases the district justice and court of common pleas may have concurrent jurisdiction in summary cases, *Commonwealth v. Ritter,* 268 Pa. Super. 563, 408 A.2d 1146 (1979), such should not be exercised when the effect would compromise the court's independent review of evidence. Code of Judicial Conduct, canon 3C(1)(a) requires a judge not to be in a position where his impartiality might be questioned. In this case, ex parte communications with affiants to determine probable cause for issuance of process would not be proper. The district justice is the proper issuing authority. Pa.R.Crim.P. 3. A further effect, if a case was initially filed at the common pleas level, would deprive a criminal defendant of due process rights, such as a de novo hearing, if convicted at the district justice level. Pa.R.Crim.P. 86(1).

The due process rights that all citizens benefit from cannot be ignored even when minor violations, *i.e.,*

summary offenses, are alleged. *Commonwealth v. Roland,* 535 Pa. 595, 637 A.2d 269 (1994).

Since section 284 does not specify procedures to be followed, the confusion as clearly illustrated by the facts of this case has occurred. Affiants did not know where to file their complaints, the district justice did not know if he should accept the complaints and the common pleas court is placed in a position of either issuing a complaint without review of probable cause or issuing the complaint based on an ex parte communication with the affiants.

To solve this dilemma, the court must attempt to ascertain the legislative intent. To do so, the court must consider the presumptions contained in the Rules of Statutory Construction, 1 Pa.C.S. §1922.

By following the existing Rules of Criminal Procedure, the result is not absurd, impossible of execution or unreasonable. 1 Pa.C.S. §1922(1). The entire statute (Sunshine Act) is effective and certain. 1 Pa.C.S. §1922(2). The Constitution of the United States and of this Commonwealth is not violated. 1 Pa.C.S. §1922(3). Finally, the General Assembly's intent to favor the public interest as against any private interest is preserved. 1 Pa.C.S. §1922(5). See also, 1 Pa.C.S. §1921.

Accordingly, the following order is entered:

## ORDER

And now, to wit, November 2, 1995, it is hereby ordered and directed that the defendants' motion to quash is granted, and the complaints entered in the above captioned cases are dismissed without prejudice.

Defendants' request for counsel fees and costs will be reviewed upon petition to the court.