570 A.2d 563

COMMONWEALTH of Pennsylvania

v.

Richard BETHLEHEM, Appellant.

Superior Court of Pennsylvania.

Submitted May 8, 1989.

Filed Dec. 15, 1989.

Petition for Allowance of Appeal Denied June 11, 1990.

David Crowley, Asst. Public Defender, Mercer, for appellant.

W. Jeffrey Yates, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before MONTEMURO, MELINSON and HESTER, JJ.

MELINSON, Judge.

Appellant, Richard Allen Bethlehem, appeals from judgment of sentence imposed following convictions of rape, statutory rape, and involuntary deviate sexual intercourse arising from his sexual abuse of his young niece. Bethlehem contends that this action was brought outside the applicable statute of limitations. Regrettably, appellant is correct and we are constrained to reverse the convictions and discharge appellant.

This appeal presents the following four questions relating to the application of various statute of limitations provisions to the facts of this case.

I. Whether the applicable two and five year statute of limitations periods for the offenses alleged (42 Pa.C.S.A. § 5552 (a & b)) were tolled pursuant to 42 Pa.C.S.A. § 5554(3).

II. Whether the complaint stated the time of the offenses with the "reasonable degree of specificity" required.

III. Whether the Commonwealth established beyond a reasonable doubt that the offenses occurred within the applicable limitations periods.

IV. Whether the trial court erred in failing to instruct the jury with regard to the factual determination that the offenses occurred within the limitations periods.

We shall discuss these interrelated questions, *seriatim.*

### I. *Tolling of the Statute of Limitations*

Prior to trial, Bethlehem moved to have the complaint dismissed because it alleged offenses outside the applicable statute of limitations. The complaint against Bethlehem was filed June 3, 1987. Though the complaint initially alleged that Bethlehem continued to sexually abuse the

victim during family visits to the victim's former residence *after* she and her parents moved from Bellefonte, the victim repeatedly testified at the preliminary hearing that the offenses occurred *only* while she lived in Bellefonte with her parents. The Commonwealth presented no evidence that the assaults continued after the move from Bellefonte. Bethlehem presented uncontradicted evidence that the victim and her family moved from Bellefonte on or before May 17, 1982, which would place the assaults outside the applicable limitations periods for the offenses charged. Bethlehem's motion to dismiss on statute of limitations grounds was denied at the preliminary hearing.

Bethlehem renewed the request for dismissal in pretrial motions, and an evidentiary hearing was conducted during which additional evidence was presented in support of Bethlehem's dismissal motion. Again, the Commonwealth made no attempt to challenge or cast doubt upon the claim that the victim had moved from Bellefonte prior to May 17, 1982, despite the fact that the complaint in this case was filed, on June 3, 1987, more than five years after May 17, 1982. Rather, the sole argument raised by the Commonwealth was that this Court's decision in *Commonwealth v. Fanneli*, held that time elements were not controlling in cases involving minors.

By way of response, counsel for Bethlehem disputed that the case cited stood for the broad proposition urged, and argued that the only way the running of the statute of limitations for crimes against minors would be tolled was when the father or a guardian was the perpetrator, which was not the case here. The Commonwealth made no reply, and in no way attempted to establish that the provisions of 42 Pa.C.S.A. § 5554(3) applied under the facts of this case. The trial court then denied the motion to dismiss the charges, without explanation. (*See* N.T. 10/15/87 at 2–16).

The failure to grant dismissal of the charges on statute of limitations grounds at the preliminary hearing or pretrial motions stage is inexplicable. The clear and uncontradicted evidence presented, from the victim herself and from wholly

unbiased sources, demonstrated that the victim moved from Bellefonte where the offenses were alleged to have occurred more than five years prior to the filing of the complaint in this case. Thus, in the absence of proof that the statute of limitations had been tolled, the longest applicable limitations period had already expired by the time a complaint was filed in this case.

The Commonwealth neither pled nor proved at that juncture that any tolling provision applied. Instead, the Commonwealth relied solely upon its erroneous construction of this Court's unpublished opinion in *Commonwealth v. Fanelli*, which was later superceded and replaced by a published opinion of this Court sitting *en banc*. *See Commonwealth v. Fanelli*, 377 Pa.Super. 555, 547 A.2d 1201 (1988). Neither of this Court's opinions in that case purported to render statute of limitations provisions irrelevant or not controlling in cases involving offenses against minors. Rather, *Fanelli* addressed the separate and distinct issue of how specific the indication of the date of an offense set forth in the criminal complaint needed to be in order to comply with constitutional due process specificity requirements. We are compelled to find that Bethlehem's statute of limitations defense was valid and the charges should have been dismissed.

The trial court's acceptance of the Commonwealth's post-verdict assertions that 42 Pa.C.S.A. § 5554(3) applied to toll the limitations period was erroneous in two fundamental respects. We shall discuss each separately.

■ First, the law requires that any allegation that the running of a statute of limitations period was tolled by an applicable statutory exception must be made in the complaint itself, or at the latest, a reasonable time before trial. *See Commonwealth v. Cruz*, 355 Pa.Super. 176, 512 A.2d 1270 (1986); *Commonwealth v. Eackles*, 286 Pa.Super. 146, 428 A.2d 614 (1981). Review of the record reveals that there was no pre-trial notice, actual or constructive, of the Commonwealth's intent to claim the statute of limitations had been tolled under 42 Pa.C.S.A. § 5554(3). Indeed, the

Commonwealth rested, at both the pre-trial and trial stages of this case, upon its erroneous assertion that limitations periods had been deemed not to be controlling in cases involving crimes against minors. The Commonwealth did not contest Bethlehem's counsel's assertion that the "parent or guardian" exception, *i.e.* 42 Pa.C.S.A. § 5554(3), did not apply. The Commonwealth's post-verdict claim that proof of the applicability of an exception was adduced at trial comes too late. *See Commonwealth v. Cruz, supra,* 355 Pa.Superior Ct. at 178 n. 2, 512 A.2d at 1273 n. 2, *citing Commonwealth v. Eackles, supra,* 428 A.2d at 619.[1]

■ Second, and perhaps more important, the trial court's post-verdict basis for applying the exception is unsustainable on its merits. The offenses alleged in the instant case involved sexual assaults by the victim's uncle during periodic visits to the victim's parents' home, while the victim's parents were at home and in the next room. (*See* N.T. 10/16/87 at 18–25; *see especially* N.T. 10/16/87 at 24 ("my mom was doing dishes and my dad was out there listening to music")). Such facts do not permit application of the tolling provisions of 42 Pa.C.S.A. § 5554(3):

§ 5554. **Tolling of statute**

Except as provided by section 5553(e) (relating to disposition of proceedings within two years), the period of limitation does not run during any time when:

\* \* \* \* \* \*

(3) a child is under 13 years of age, where *the crime involved injuries to the person of the child caused by* the wrongful act, or neglect, or unlawful violence, or negligence *of the child's parents or by a person responsible for the child's welfare, or any individual*

---

**1.** We note that there is a fundamental difference between knowledge of the existence of a statutory provision and receipt of notice that the prosecution will seek application of a given provision in a particular case with sufficient time prior to trial to prepare to challenge application of the provision. The former, but not the latter, existed here; and therein lies the defect noted above.

> *residing in the same home as the child, or a param-*
> *our of the child's parent.*

(Emphasis added).

The Commonwealth argues on appeal that because the victim was eight years old, and because she knew Bethlehem as a relative, the tolling provisions of 42 Pa.C.S.A. § 5554(3) apply. The Commonwealth argues further that Section 5554(3) was intended "to toll the statute of limitation for *any* crime committed against the person of a child under the age of 18." (Commonwealth Brief at 7, emphasis added). The trial court provided more specific grounds for the application of Section 5554(3) to this case. The trial court held that the victim's parents had placed their trust in Bethlehem making him responsible for her welfare, and in the alternative, that her parents were negligent themselves and thereby caused her injuries. (Trial Court Opinion at 4–5). Unfortunately, we cannot agree with the trial court that such circumstances provide a basis for applying Section 5554(3).

We do not believe that in the context of this statute the phrase, "person responsible for the child's welfare," was intended by the legislature to apply to an uncle visiting the victim's parents' home. Without precluding application of this portion of the tolling provision to such a relative under different circumstances, at least when, as here, the parents were at home and in the next room when the sexual assault occurred, it was the parents and not the visiting relative who remained the "person(s) responsible for the child's welfare" within the meaning of the provision in question. We construe the provision to apply to persons under whose permanent or temporary custody and control the parent(s) or legal guardian(s) have placed a child, in other words, those who stand *in loco parentis* to the child. *See* 1 Pa.C.S.A. § 1903(b). The Commonwealth made no showing of such responsibility being vested in Bethlehem at the time of the assaults. Hence, we must conclude that this portion of the tolling statute could not properly be applied to the circumstances of this case.

Likewise, we do not believe that a *visiting* relative may be deemed to fall within the intended meaning of the phrase, "any individual *residing* in the same home as the child." (Emphasis added). "Residing" and "visiting" are distinct terms in common usage, and connote materially different relationships in this context. *See* 1 Pa.C.S.A. §§ 1903(a), 1903(b). Bethlehem's frequent visits did not establish residence. Hence, this portion could not properly apply.

Finally, we find no evidence in the record to support a conclusion that the victim's parents caused the child victim's injuries by negligently failing to detect and prevent the assaults. There is no indication that any warning signs were ignored. (N.T. 10/16/87 at 25, 36).[2] Rather, Bethlehem used his status as a trusted relative and an adult authority figure as well as a series of promises and bribes to coerce the victim. (N.T. 10/16/87 at 17–25, 31–32). Under such circumstances, the victim's parents' failure to detect and prevent the abuse does not constitute negligence on their part.

Clearly, the response of the victim's parents to the abuse when the victim eventually reported it was inappropriate. The victim's father struck the victim for failing to report the abuse to him earlier. (N.T. 10/16/87 at 31). Neither parent took and followed through with appropriate steps to bring Bethlehem to justice. (N.T. 10/16/87 at 74). Indeed, the victim's father actively impeded prosecution of Bethlehem by assaulting a social worker investigating the victim's report of abuse. (N.T. 10/16/87 at 26). Nonetheless, no further abuse by Bethlehem occurred after the victim first reported the abuse to her parents. (N.T. 10/16/87 at 27).

As we construe Section 5554(3), it is not enough simply to demonstrate that a child victim's injuries occurred while she was in the care of persons responsible for her welfare.

---

2.  Here, as in *many* cases of sexual abuse, the victim neither cried out nor immediately reported the incidents. *Cf. Commonwealth v. Slocum,* 384 Pa.Super. 428, 436, & n. 4, 559 A.2d 50, 54 & n. 4 (1989) (noting authorities).

Rather, the limiting language of the provision requires a causal nexus between the negligence or wrongful act of the person(s) responsible for the child's welfare and the injuries which give rise to the charges at issue. Here, neither negligence nor wrongful conduct by persons responsible for the child victim's welfare, nor a nexus between such conduct and the injuries giving rise to the charges at issue, were established.

If the legislature had intended the tolling provision to apply to *all* adult relatives, it could have expressed such an intent without difficulty. Likewise, the legislature could have made the tolling provision applicable to *all* crimes against children, or *particular* crimes against children, or as to *all* or *particular* crimes committed against children *by persons of more than a specified age.* The legislature, however, has not chosen any of those courses, and we are not at liberty to set out on them on our own—regardless of how warranted application of such an exception may seem to us under the facts of this case. The legislature's Statutory Construction Act limits our discretion considerably in this context. *See* 1 Pa.C.S.A. §§ 1901 *et seq.* As counsel for Bethlehem has correctly noted, it is the statute of limitations which must be construed in favor of Bethlehem, rather than the exception in favor of the Commonwealth. *See Commonwealth v. Cardonick,* 448 Pa. 322, 292 A.2d 402 (1972); 1 Pa.C.S.A. § 1928(b)(1). Properly construed, the tolling provision of Section 5554(3) did not apply here.

## II. *Reasonable Specificity Requirement*

The Commonwealth's reliance upon *Fanelli,* though misguided as to the statute of limitations issue, was appropriate as to the second question, *i.e.* was the time of the offenses set forth with reasonable specificity? *Fanelli* stands for the proposition that while due process requires that any offense alleged, including the time of its occurrence, must be set forth in the complaint with "reasonable specificity," a broader, less definite time frame, *within the applicable limitations period,* will be deemed "reasonably specific" when the victim is a young child. We note that

our decision in *Commonwealth v. Allem*, 367 Pa.Super. 173, 532 A.2d 845 (1987), provides a clear example of both the continued vitality and the proper application of statutes of limitations in a case involving allegations of a continuing course of sexual abuse of a young victim which made precision with respect to the dates of the occurrence of the alleged abuse unnecessary to meet due process reasonable specificity requirements. 532 A.2d at 849 & nn. 2–3.

The complaint in this case alleged a continuing course of sexually abusive conduct by Bethlehem or a frequent basis when he visited the victim's parents at their residence in Bellefonte, and after they moved when they visited Bethlehem at the same residence in Bellefonte. Standing by itself, the complaint alleged a continuing course of sexual abuse at frequent, though unspecified, intervals during a two year period. Under the circumstances alleged in the complaint, we find the assertions as to the time of the offenses in the complaint to be reasonably specific. *Cf. Commonwealth v. Fanelli, supra.* Moreover, the time period at issue was clarified and reduced considerably by the victim's clear and repeated statements at the preliminary hearing that no sexual abuse occurred after her family moved from Bellefonte. Thus, the aspect of the complaint indicating that the victim was further abused when she and her parents visited Bethlehem at her parents' former residence was effectively removed from this case prior to trial. *Cf. Commonwealth v. Willis*, 380 Pa.Super. 555, 568–70, 552 A.2d 682, 688–90 (1988) (the evidence presented in pretrial proceedings considerably reduced the time frame at issue).

III. *Sufficiency of the Evidence/Limitations Periods*

█ Next, we consider whether the Commonwealth met its burden of proof on the statute of limitation issues at trial. Under Pennsylvania law, the Commonwealth is required to prove as an element of every criminal offense that an applicable statute of limitations did not bar prosecution. *See* 18 Pa.C.S.A. § 103; *see also Commonwealth v. Fanel-*

*li, supra,* 547 A.2d at 1207 (Beck, J., concurring).[3]  The evidence at trial failed entirely to negate Bethlehem's statute of limitations defenses.

■ No evidence was presented to the jury that an applicable exception tolled the statute of limitations.  Consequently, it was incumbent upon the Commonwealth to establish that the offenses charged occurred within the applicable two and five year limitations periods set by the legislature.  *See* 42 Pa.C.S.A. § 5552(a & b).

The victim's testimony on both direct examination and cross-examination indicated that no acts of sexual abuse were committed by Bethlehem after she moved with her family from Bellefonte.  Compelling, independent, uncontradicted evidence was presented at trial that the victim and her family had moved from Bellefonte with her parents on or before May 17, 1982.  Additionally, the social worker, who initially investigated the victim's complaint that she was sexually abused by her uncle, testified that she interviewed the victim on June 4, 1982, and that the victim had indicated to her that the last sexual assault had occurred more than a month prior to the interview.  (N.T. 10/15/87 at 6, 9, 10).  The victim testified that the rape had occurred three to four months prior to the interview with the social worker.  (N.T. 10/16/87 at 33–34).  Considered in context, there was simply no credible evidence presented at trial to indicate that any act of sexual abuse was committed by Bethlehem on or after June 2, 1982, which was the outside limit of the longest *untolled* limitation period (five years) applicable to the offenses charged in the June 3, 1987 complaint.[4]

3.  We note that Judge Beck aptly notes in *Fanelli* that the legislature's decision, to make the negation of any limitations claim an *element* of each criminal offense rather than requiring the defendant to prove a limitation as an *affirmative defense,* or requiring the Commonwealth to disprove any limitations claim *by a preponderance of the evidence,* was a *policy choice,* not mandated by the constitution.

4.  The victim did testify that she was *eight* years old when the abuse occurred.  She was born November 25, 1974, and did not turn eight years of age until *November 25, 1982.*  However, as uncontradicted evidence established that she had already reported the *past* abuse by

IV. *Adequacy of Jury Instructions/Limitations Issues*

Our resolution of the first three questions renders the fourth moot. Nonetheless, in order to provide full guidance to the trial court as to the proper treatment of such limitations defenses, we note our further determination that a new trial would have been required on the basis of inadequate instructions on the limitations issues, had sufficient evidence been presented on the limitations issue to sustain the convictions.

█ When a statute of limitations defense is raised, as here, the trial court must instruct the jury with sufficient clarity for the jury to know what must be proved to meet a statutory exception claimed by the Commonwealth, and what cut-off date must apply to each offense if the limitations period is deemed not to be tolled. This is so, because negation of any statute of limitations defense is an element of every crime, and because the trial court is required in every case to elucidate the law and clarify the issues to be decided, so that the jury may know what questions they are to resolve. *See Commonwealth v. Fanelli, supra* (negation of limitations defense is an element of the crime charged); *Commonwealth v. Alvin,* 357 Pa.Super. 509, 519, 516 A.2d 376, 381 (1986) (the trial court is required to elucidate the law and clarify the issues to be decided by the jury).

█ In this case, following the initial charge to the jury which made no reference whatsoever to the time of the occurrence of the offenses or Bethlehem's statute of livitations defense, counsel for Bethlehem promptly requested additional instructions in accordance with Pa.R.Crim.P. 1119(b), and specifically requested that the jury be asked to

June 4, 1982, the victim's isolated remark must simply be rejected as an innocent misstatement. She was in fact seven and one half years old at the time in question. We note that the victim conceded at trial that she dated the events by reference to when she lived in Bellefonte, and not by any specific memory of the date of any incident, or her age at the time of the incidents. (*See* N.T. 10/16/87 at 29–31, 38–40; *see also* N.T. 6/10/87 at 10).

determine whether the sexual abuse alleged occurred before, on, or after June 2, 1982. This request was denied. Instead, the trial court gave the following additional instruction:

> THE COURT: Ladies and gentlemen, the information ... alleges the crime was committed between January of '82 and June of '82, you're not bound by the date alleged in the indictment. It is not an essential element of the crime charged. You may find the defendant guilty if you're satisfied beyond a reasonable doubt that he committed the crime charged in the indictment, even though you're not satisfied that that he committed it on the particular date alleged in the indictment.

(N.T. 10/16/87 at 91). This instruction failed to adequately instruct the jury as to the factual determinations which the jury was required to make regarding the statute of limitations issues presented. *Cf. Commonwealth v. Alvin, supra.* Indeed, it urged them, in effect, to ignore the statute of limitations issues altogether. This was reversible error.

## *Conclusion*

The law of the Commonwealth regarding the limitation of criminal actions, and a lengthy delay in bringing these charges after the child victim's reports to authorities, combine to require Bethlehem's release. Judgment of sentence is vacated, the charges are dismissed, and Bethlehem is discharged.