J-S35024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BROCK P. LYLES | |
| Appellant | No. 2667 EDA 2014 |

Appeal from the PCRA Order August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015909-2009

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                   **FILED SEPTEMBER 17, 2015**

Appellant, Brock P. Lyles, appeals from the August 14, 2014 order dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

> [Victim] met [Appellant] at a "worship concert" in 1998 when he was [12] years old and [Appellant] was at least [21] years of age.  [Victim] approached [Appellant] and asked him if he would be willing to serve as his "role model" or "father figure."  [Appellant] acceded to the request and went on to meet [Victim]'s mother and grandmother in his attempt to establish a relationship with the family.
>
> Within a few months, [Appellant] began to pick up [Victim] from his home, and they drove around the city and conversed.  On each of those occasions, [Victim] testified that [Appellant] would hold his hand and would fondle him.  [Appellant] also took him to an apartment, and though they were ostensibly there for

* Retired Senior Judge assigned to the Superior Court

[Appellant] to help him with his homework, the fondling resumed and began to escalate.

While at this apartment, [Appellant] requested that [Victim] perform oral sex on him. [Victim] complied, and stopped after a short while. [Appellant] then drove him home to West Philadelphia. A few weeks later, [Appellant] picked up [Victim] again, and he was taken to another apartment. While there, [Appellant] shaved [Victim]'s pubic area, watched him take a shower, and had him perform oral sex on him again. When that was completed, [Appellant] attempted to penetrate [Victim]'s anus with his penis but was unable to do so. After the two of them got dressed, [Appellant] drove him back home.

There was a limited amount of contact after the incident in the second apartment. Though [Appellant] came to [Victim]'s home on several occasions to see him, he would tell his mother and grandmother to tell [Appellant] that he was not at home. After two or three years, [Appellant] stopped making any effort to meet with [Victim].

In September of 2009, [Victim] was at a "praise and worship conference" and saw [Appellant] there. He became extremely upset as the memories of the sexual encounters came back to him. After agonizing over these memories for a few weeks, [Victim] ended up at the waterfront at Penn's Landing with the intention of committing suicide. After he was literally talked "off of the ledge" there, he was taken to a police station where he gave a complete statement on October 22, 2009, to the police as to the sexual action[s] that were directed at him over the years by [Appellant]. . . .

On two occasions, September 9th and December 14th 2009, [Appellant] gave statements to the detectives assigned to the case who were assisted in their investigation by secret service agents. In his first statement, he denied having any type of "inappropriate" physical contact with [Victim]. He contended that he broke off the mentoring relationship with [Victim] after a short period of time [] because of the many issues and "family drama" that surrounded [Victim].

In his second statement, [Appellant] admitted that [Victim] did "perform oral sex on me." He claimed that it was [Victim]'s idea to do so, and that it was "a very foolish mistake" despite the fact

- 2 -

that he thought that [Victim] was [18] years of age at the time. However, [Appellant] also said in that same statement that he thought [Victim] was [16], and also indicated that he actually thought that [Victim] was [14] years old.

When [Appellant] testified at his trial, he admitted that he told the agents that [Victim] had performed oral sex on him. However, in his trial testimony, he contended that it never happened, and that he only said it did because he "was under emotional and psychological duress."

Trial Court Opinion, 7/14/11, at 3-5.

The procedural history of this case is as follows. On January 7, 2010, Appellant was charged via criminal information with rape of an individual under 13 years old,[1] involuntary deviate sexual intercourse with an individual under 13 years old ("IDSI"),[2] unlawful contact with a minor,[3] aggravated indecent assault,[4] statutory sexual assault,[5] sexual assault,[6] corruption of minors,[7] indecent assault,[8] indecent exposure,[9] and two counts

---

[1] 18 Pa.C.S.A. § 3121(a)(6).

[2] 18 Pa.C.S.A. § 3123(a)(6).

[3] 18 Pa.C.S.A. § 6318(a)(1).

[4] 18 Pa.C.S.A. § 3125(a)(1).

[5] 18 Pa.C.S.A. § 3122.1.

[6] 18 Pa.C.S.A. § 3124.1.

[7] 18 Pa.C.S.A. § 6301(a)(1).

[8] 18 Pa.C.S.A. § 3126(a)(1).

[9] 18 Pa.C.S.A. § 3127(a).

of simple assault.[10]  On May 17, 2010, at the conclusion of a non-jury trial, Appellant was found guilty of IDSI, unlawful contact with a minor, sexual assault, and corruption of minors.  The remaining charges were *nolle prossed*.  On September 2, 2010, Appellant was sentenced to an aggregate term of 7 to 14 years' imprisonment.  Appellant filed a direct appeal; however, on August 15, 2011, that appeal was discontinued.

On February 15, 2012, Appellant filed a *pro se* PCRA petition.  On June 14, 2012, counsel was appointed.  On July 16, 2013, counsel filed an amended PCRA petition.  On June 12, 2014, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.  **See** Pa.R.Crim.P. 907.  On August 14, 2014, the PCRA court dismissed Appellant's PCRA petition.  This timely appeal followed.[11]

Appellant presents one issue for our review

[Was trial counsel ineffective for failing to argue that Appellant's right to due process was violated because of the vague nature of the evidence presented at trial]?

Appellant's Brief at 8.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

---

[10] 18 Pa.C.S.A. §§ 2701(a)(1), 2701(a)(3).

[11] On October 1, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On October 21, 2014, Appellant filed his concise statement.  On January 12, 2015, the PCRA court issued its Rule 1925(a) opinion.  Appellant's lone issue on appeal was included in his concise statement.

*Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (internal quotation marks and citation omitted). "In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (internal quotation marks and citations omitted).

Appellant claims that trial counsel rendered ineffective assistance by failing to argue that the evidence was too vague to satisfy the procedural due process requirements of the state and federal constitutions. Specifically, he argues that his trial counsel should have moved for arrest of judgment because Victim was unable to specify the dates on which the sexual assaults occurred. He also argues that trial counsel's failure to object to the lack of specificity as to the dates prevented Appellant from raising and proving alibi defenses. Our Supreme Court has explained:

> [T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.
>
> A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first.

> Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

We conclude that Appellant's underlying claim lacks arguable merit. In ***Commonwealth v. Fanelli***, 547 A.2d 1201, 1203 (Pa. Super. 1988) (*en banc*), *abrogated on other grounds*, ***Commonwealth v. Hutchinson***, 556 A.2d 370 (Pa. 1989), the defendant argued that his due process rights were violated because a child victim could not give specific dates that a sexual assault occurred. This Court explained:

> We consider [***Commonwealth v.***] ***Devlin***[, 333 A.2d 888 (Pa. 1975),] to be the polestar in our assessment of whether the appellant's due process argument is to give way in favor of the child-victim's right to have her assault brought to justice. In ***Devlin***, our Supreme Court opted for a balancing approach to resolve conflicting interests of the accused vis-a-vis the victim when it came to the specificity required to be proven as to the time-frame of the alleged crime. It wrote:
>
> > Here, as elsewhere, [t]he pattern of due process is picked out in the facts and circumstances of each case. Due process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim balanced against the rights of the accused.

***Fanelli***, 547 A.2d at 1204, *quoting* ***Devlin***, 333 A.2d at 892 (internal quotation marks and citations omitted).

In ***Devlin***, our Supreme Court concluded that the defendant's due process rights were violated when the victim could only give a 14-month window during which the assaults occurred. ***Devlin***, 333 A.2d at 892. Our Supreme Court came to this conclusion in one sentence, without any further analysis. ***See id.*** As noted above, however, ***Devlin*** did not create a bright line rule regarding the degree of specificity required for the date of an attack. In subsequent cases interpreting ***Devlin***, this Court has consistently held that time frames such as the one offered by Victim in the case at bar were not too vague as to violate the defendants' procedural due process rights. ***Cf. Commonwealth v. G.D.M., Sr.***, 926 A.2d 984, 990 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) ("Subsequent case law has refined the holding in ***Devlin***.").

In ***Fanelli***, like in the case at bar, the victim gave a one-year time frame during which the assaults occurred. ***Fanelli***, 547 A.2d at 1204. This Court, sitting *en banc*, held that under the totality of the circumstances the evidence was not too vague as to violate the defendant's procedural due process rights. Specifically, this Court relied upon the victim's lack of family support. ***See id.*** The same is true in the case at bar. As noted above, Victim sought out Appellant to serve as a father figure because he lacked a male role model. Furthermore, in his first statement to police Appellant stated that he terminated his relationship with Victim because of "family drama." Although the victim in ***Fanelli*** was younger than Victim, this Court

relied upon a case in which the victim was approximately the same age as Victim. ***Id.*** at 1205, *citing **Tapp v. Indiana***, 269 N.E.2d 367, 369 (Ind. 1971) (victim was 11 years old).

This Court also addressed a due process challenge in ***Commonwealth v. Bethlehem***, 570 A.2d 563 (Pa. Super. 1989), *abrogated on other grounds*, ***Commonwealth v. Gerstner***, 656 A.2d 108 (Pa. 1995). In ***Bethlehem***, the criminal complaint alleged that there was a continuing pattern of sexual abuse over a two-year time period. ***Bethlehem***, 570 A.2d at 567. This Court held that was sufficient to satisfy the procedural due process requirements of the state and federal constitutions. ***See id.*** at 567-568. The same situation is present in the case *sub judice*. Victim stated that there was a continuing pattern of sexual abuse over an extended time period. Although Victim was not able to provide specific dates, he was able to limit it to a one-year time period. ***See also Commonwealth v. Groff***, 548 A.2d 1237, 1242 (Pa. Super. 1988) (citations omitted) ("Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct.").

More recently, in ***Commonwealth v. Brooks***, 7 A.3d 852 (Pa. Super. 2010), *appeal denied*, 21 A.3d 1189 (Pa. 2011), this Court rejected a due process challenge similar to the challenge raised by Appellant. In ***Brooks***, this Court held that "neither [***Devlin*** nor ***Groff***] holds that due process

requires a victim of sexual abuse to provide temporal testimony of specific incidents that occurred during a prolonged period of abuse." *Id.* at 859. Thus, to the extent that Appellant argues that Victim was required to provide more specific details regarding the dates of the assaults in the apartments, that argument is without merit. Instead, the Commonwealth was merely required to prove that the assaults occurred within the applicable statute of limitations period. The Commonwealth fulfilled this obligation with Victim's testimony. *See also* Pa.R.Crim.P. 560(B)(3) (a criminal information "shall be valid and sufficient in law if it contains . . . an allegation that it was committed on or about any date fixed within the statute of limitations[.]").

Finally, in *Commonwealth v. Niemetz*, 422 A.2d 1369 (Pa. Super. 1980), the criminal information alleged that the sexual assaults occurred sometime over a five-year period. *Id.* at 1373. This Court held that such a wide timeframe did not violate the defendant's right to procedural due process. *Id.* at 1373-1374. In so holding, this Court relied upon the fact that it was not a single assault and that the victim's right to have her attacker brought to justice outweighed any due process concerns. *See id.* In the case at bar, Victim was able to narrow the timeframe during which the assaults occurred to a single year – a much shorter timeframe than in *Niemetz*.

When considering the totality of the circumstances in the instant case, Appellant's due process rights were not violated. Victim was young when

the sexual assaults occurred. He lacked a supportive family structure in which he could have found guidance and support regarding the encounters. Appellant did not abuse Victim on a single occasion, rather, Appellant engaged in a continuing pattern of abuse. Therefore, Appellant was not prevented from advancing an alibi defense as he could have attempted to prove that he was not in Philadelphia during that time period. In any event, the viability of an alibi defense was substantially diminished not so much by the time period over which the abuse occurred, but by Appellant's own inculpatory admission to investigators. Accordingly, under the **Devlin** balancing test, Appellant's right to procedural due process was not violated. As Appellant's underlying claim lacks arguable merit, the PCRA court correctly dismissed his PCRA petition without an evidentiary hearing.

Order affirmed.[12]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015

---

[12] On July 8, 2015, we ordered the Commonwealth to furnish the PCRA court with a copy of the trial exhibits admitted at Appellant's trial on or before July 16, 2015. As of August 24, 2015, the Commonwealth failed to comply with our order. We have therefore resolved this case on the basis of the certified record in our possession. We lift the obligation to further comply with our July 8, 2015 order as it is now moot. We find that the Commonwealth has waived any arguments related to the exhibits admitted at trial for failing to comply with this Court's July 8, 2015 order.