577 A.2d 194

**COMMONWEALTH of Pennsylvania**

v.

**Bernard POWERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 13, 1989.

Filed May 16, 1990.

Reargument Denied July 26, 1990.

A. Charles Peruto, Jr., Philadelphia, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for the Comm., appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

KELLY, Judge:

Appellant appeals from judgment of sentence imposed following his conviction of several offenses relating to his sexual abuse of his granddaughter while he was baby-sitting her for her parents. We affirm.

The relevant facts and procedural history have been accurately set forth in the trial court opinion. They will be

234

repeated here only as necessary to address the issues raised on appeal.

On appeal, appellant contends the evidence is insufficient to establish that the crimes occurred within the applicable statute of limitations period; counsel was ineffective in failing to seek dismissal of one of the charges on statute of limitations grounds; one of appellant's other granddaughter's was improperly permitted to testify in rebuttal regarding similar but uncharged bad acts expressly denied by appellant during cross-examination; and, the trial court erred in failing to give a requested instruction on the relevance of the absence of a prompt complaint by the child victim. We find no merit in the contentions.

■ Appellant's first statute of limitations challenge is plainly without merit. Review of the record reveals that the trial court specifically instructed the jury that in order to convict appellant, they had to decide that the offense charged occurred between March 21, 1986 and September 4, 1986. (*See* N.T. 9/15/88 at 382). The victim testified to a pattern of sexual abuse occurring between January 1983 and September 4, 1986. (*See* N.T. 9/12/88 at 22–46). This evidence was sufficient to sustain the conviction. *See Commonwealth v. Bethlehem*, 391 Pa.Super. 162, 171, 570 A.2d 563, 568 (1989); *Commonwealth v. Allem*, 367 Pa.Super. 173, 181–82 nn. 2–3, 532 A.2d 845, 849 & nn. 2–3 (1987); *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 422 A.2d 1369 (1980). The existence of evidence of a continuing course of similar sexual abuse *throughout* a period which extends into the applicable limitations period, coupled with an unequivocal instruction as to the parameters of the limitations period, distinguishes this case in factually material respects from the scenario presented in *Commonwealth v. Thek*, 376 Pa.Super. 390, 402–03, 546 A.2d 83, 90 (1988), wherein a superficially similar claim was found to be meritorious. We reject appellant's first claim.

■ Appellant's related claim of ineffective assistance of counsel for failure to pursue a pre-trial motion to quash on

statute of limitations grounds is likewise without merit. Assuming, *arguendo,* that a claim could have been presented pre-trial, based upon the lack of specificity with which the charges were drawn, nonetheless, there was no prejudice to appellant in this case.

While appellant vigorously denied the charges and attempted to discredit the victim's testimony in several respects, he freely conceded that he had acted *in loco parentis* for the victim's *absent* parents at the times when the victim testified that the abuse occurred. We conclude that as an adult baby-sitter for *absent* parents, appellant was acting as "a person responsible for the child's welfare" within the meaning of the phrase in 42 Pa.C.S.A. § 5554(3) which provides in pertinent part:

§ 5554. Tolling of statute

... the period of limitation does not run during any time when:

(3) a child is under 18 years of age, where the crime involves injuries to the person of the child caused *by the wrongful act,* or neglect, or unlawful violence, or negligence *of* [ ...] *a person responsible for the child's welfare.*

. . . . .

(Emphasis added).

In *Commonwealth v. Bethlehem, supra,* this Court stated:

We do not believe that in the context of this statute the phrase, "person responsible for the child's welfare," was intended by the legislature to apply to an uncle visiting the victim's parents' home. *Without precluding application of this portion of the tolling provision to such a relative under different circumstances,* at least when, as here, the parents were at home and in the next room when the sexual assault occurred, it was the parents and not the visiting relative who remained the "person(s) responsible for the child's welfare" within the meaning of the provision in question. *We construe the provision to apply to persons under whose* permanent or *temporary*

> *custody and control the parent(s) or legal guardian(s) have placed a child, in other words, those who stand in loco parentis to the child.* *See* 1 Pa.C.S.A. § 1903(b). The Commonwealth made no showing of such responsibility being vested in Bethlehem at the time of the assaults. Hence, we must conclude that this portion of the tolling statute could not properly be applied to the circumstances of this case.

570 A.2d at 566. (Emphasis added). Here, the *babysitting* grandfather, unlike the *visiting* uncle, had been placed temporarily *in loco parentis* by the *absent* parents when the assaults occurred. Hence, in accordance with the reasoning set forth in *Bethlehem,* we conclude that appellant was "a person responsible for the child's welfare" within the meaning of 42 Pa.C.S.A. § 5554(3).

Appellant's status as a "person responsible for the child's welfare" at the time of the offense was committed triggers the tolling of the applicable statute of limitations period from the effective date of the provision through the victim's eighteenth birthday (a date *after* the filing of the charges in this matter). Thus, the proper cut-off date for the applicable limitations period was September 8, 1983, rather than March 21, 1986. *See Commonwealth v. Thek, supra,* 546 A.2d at 89 & nn. 8–9.

Had the trial court been called upon to determine the precise cut-off date of the limitations period, the jury properly could have been informed that September 8, 1983, rather than March 21, 1986, was the appropriate limitations cut-off date. Thus, there was an objectively reasonable basis for competent counsel to avoid that subject. More importantly, appellant was *advantaged,* rather than *prejudiced* by counsel's avoidance of this issue pre-trial, in light of the eventual issuance of an overly favorable instruction to the jury on this issue by the trial court.

■ It is, of course, entirely irrelevant whether counsel's conduct was actually deft, or merely fortuitous. Counsel cannot be found ineffective for doing the right things for wrong reasons, or for no apparent reasons. There was, in

fact, an objectively reasonable basis for competent counsel to pursue the precise course of conduct challenged, and there was no actual prejudice. Hence, the second claim must fail. *See Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987).

■ Appellant next contends that the trial court improperly permitted the Commonwealth to rebut appellant's testimony on cross-examination that he had never shown his x-rated video tapes to *any* of his grandchildren, with testimony of another grandchild that he had shown his x-rated movies to her. We find no merit in the contention.

Evidence of prior bad acts is admissible in rebuttal to dispel false inferences raised by the defendant or the defendant's witnesses. *See Commonwealth v. Saxton*, 516 Pa. 196, 532 A.2d 352 (1987); *Commonwealth v. Trignani*, 334 Pa.Super. 526, 483 A.2d 862 (1984). The fact that the false inferences may have arisen through testimony on cross-examination does not alter the analysis. *See Commonwealth v. Smith*, 490 Pa. 380, 390, 416 A.2d 986, 990–91 (1980); *Commonwealth v. Hickman*, 453 Pa. 427, 432, 309 A.2d 564, 567 (1973). Appellant plainly "opened the door" to the rebuttal evidence with his answer on cross-examination that he never exhibited his x-rated video tapes to any of his grandchildren.

Moreover, the rebuttal evidence, rather than indicating an isolated and unrelated prior bad act, indicated an event which formed a part of a *pattern* of sexual abuse of the young female relatives placed in appellant's care by the children's unsuspecting parents. Such evidence was relevant to show *design*, and was highly corroborative of the victim's testimony regarding the continuing and escalating course of sexual abuse committed. *See Commonwealth v. Claypool*, 508 Pa. 198, 204, 495 A.2d 176, 181 (1985) (Hutchinson, J., concurring); *Commonwealth v. Kline*, 361 Pa. 434, 65 A.2d 348 (1949); *Commonwealth v. Dunkle*, 385 Pa.Super. 317, 335, 561 A.2d 5, 14 (1989) (Kelly, J., dissent-

ing) (collecting cases and authorities).[1] We note that the rebuttal evidence here involved identical conduct (exhibition of x-rated tapes during baby-sitting) toward another granddaughter of similar age *after* the period which the victim testified the *continuous* course of escalating abuse occurred and was virtually indistinguishable from the similarly corroborative evidence of the victim herself regarding similar acts occurring outside the limitations period.

█ Finally, appellant claims the trial court erred in refusing to instruct the jury specifically that the absence of a prompt complaint by the victim must be considered in determining her credibility. We find no merit in this contention.

Appellant relies principally on *Commonwealth v. Lane,* 521 Pa. 390, 555 A.2d 1246 (1989). Reliance upon that case for the proposition that the jury instruction requested was required, was misplaced.

In *Lane,* our Supreme Court held that a new trial was required when a juror was improperly excluded *for cause* based on answers on *voir dire* that the prospective juror would have difficulty believing that an eight year-old raped by an acquaintance who lived with her mother's friend would wait as long as had been indicated to report the offense, if the offense had occurred as alleged. 555 A.2d at 1248–49. Our Supreme Court reaffirmed that the defendant was entitled to present, and the jury was entitled to consider, evidence of the absence of a prompt complaint by the victim. 555 A.2d at 1250–51.[2] Nowhere in *Lane,* how-

1. In *Commonwealth v. Shively,* 492 Pa. 411, 424 A.2d 1257 (1981), there is language purporting to expressly overrule *Commonwealth v. Kline* in this respect. 424 A.2d at 1259–60. The opinion was joined by one justice, two justices concurred in the result only, and two justices dissented. Consequently, the lead opinion of the plurality had no precedential authority and *Commonwealth v. Kline* must be deemed to remain precedential. No subsequent decision by our Supreme Court has embraced the *dictum* of the lead opinion of the *Shively* plurality.

2. We note that in *Lane,* our Supreme Court also stated, "the inference of insincerity is only justified where the facts of the case fail to disclose a reasonable explanation for the challenged time lapse prior

ever, is there the faintest suggestion that the jury instruction requested here was required.

The form and content of jury instructions is left to the sound discretion of the trial court. *Commonwealth v. Alvin*, 357 Pa.Super. 509, 519, 516 A.2d 376, 381 (1986). The charge given here adequately covered the general issue of credibility. To have given the charge requested would have given undue weight to a single factor in the jury's complex credibility analysis. Consequently, we conclude that the trial court acted within its discretion in rejecting the proposed instruction.

Based upon the foregoing, Judgment of Sentence is Affirmed.

DEL SOLE, J., filed a dissenting opinion.

DEL SOLE, Judge, dissenting:

I dissent from the Majority's Opinion affirming the Judgment of Sentence because I believe that it misapplies or misinterprets the law regarding all three issues addressed.

My first disagreement concerns the Majority's conclusions regarding the applicability of the tolling provision of 42 Pa.C.S.A. § 5554(3) to the facts of this case. The Majority concludes that Appellant, who was babysitting his granddaughter, was "a person responsible for the child's welfare," and therefore the period of limitations did not run during the time when the child was under 18 years of age. In support of its decision the Majority cites to *Commonwealth v. Bethlehem*, 391 Pa.Super. 162, 169, 570 A.2d 563, 566 (1989). The *Bethlehem* court refused to find that

to the complaint." 555 A.2d at 1250; *cf. Commonwealth v. Willis*, 380 Pa.Super. 555, 574–75, 552 A.2d 682, 691–92 & n. 5 (1989) (noting the *limited* relevance of the absence of a prompt complaint generally, and especially in cases involving child victims of non-violent intrafamilial sexual abuse; collecting authorities); *Commonwealth v. Stohr*, 361 Pa.Super. 293, 311–12, 522 A.2d 589, 598–99 & n. 4 (1987) (Kelly, J., concurring; McEwen, J., joins) (same). The absence of a prompt complaint in non-violent child sexual abuse cases is common. *See e.g. Commonwealth v. Bethlehem, supra,* 570 A.2d at 566 n. 2; *Commonwealth v. Slocum*, 384 Pa.Super. 428, 436 & n. 4, 559 A.2d 50, 54 & n. 4 (1989) (noting authorities).

tolling provisions were applicable to an uncle who was visiting at the victim's parents' home. The court construed the phrase "person responsible for the child's welfare" "to apply to persons under whose permanent or temporary custody and control the parent's(s) or legal guardian(s) have placed in the child, in other words, those who stand *in loco parentis* to the child. *See* 1 Pa.C.S.A. § 1903(b)." 570 A.2d at 566. With regard to the status of one "in loco parentis," this court has in the past stated:

> Pennsylvania courts recognize that a person may 'put himself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formality of a legal adoption. This status, [known as 'in loco parentis'] embodies two ideas; first, the assumption of a parental status, and second the discharge of parental duties.'

*Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879, 881–882 (1977). *citing Commonwealth ex rel. Morgan v. Smith*, 429 Pa. 561, 565, 241 A.2d 531 533 (1968).

I believe the legislature in tolling the statute of limitations for those who are "responsible for the child's welfare" was, as the *Bethlehem* court found, referring to those standing "in loco parentis." In my view the legislature did not seek to extend the statute to those situations where a child was being cared for by a baby-sitter, regardless of whether the sitter was a relative. Section 5554(3) seeks to extend the statute of limitations where a child has been abused by one who occupies such a position in the child's life that it may be impossible for the child to reveal the abuse. In the situation where abuse occurs by a parent, a paramour of the child's parent, an individual with whom the child resides or one "responsible for the child's welfare" the child may not have anyone to turn to in order to report the abuse. It is children in these situations which § 5554(3) seeks to protect by extending the statute of limitations. Absent specific statutory language, I do not believe the tolling provisions were meant to apply to temporary baby-sitters.

The Majority also rules that no error occurred when the Commonwealth was permitted to rebut appellant's testimony on cross-examination that he had never shown his x-rated video tapes to any of his grandchildren, with the testimony of a granddaughter who testified that she was shown such tapes. The Majority first finds that this testimony was properly admitted as "rebuttal" since appellant "plainly 'opened the door'" to its admission." Majority slip opinion at 5. The Majority also finds that this rebuttal testimony was relevant to show "design." To support this ruling the Majority cites only to a concurring opinion by Justice Hutchinson's in *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176, 181 (1985); the author, Judge Kelly's, dissenting opinion in *Commonwealth v. Dunkle*, 385 Pa.Super. 317, 561 A.2d 5 (1989); and a case of questionable authority, *Commonwealth v. Kline*, 361 Pa. 434, 65 A.2d 348 (1949). My examination of the law in this area leads me to conclude that the granddaughter's testimony of unrelated "bad acts" was wrongly admitted.

Evidence of other unrelated crimes or "bad acts" is generally not admissible to prove the crime charged. "One of our most fundamental and prized principles in the administration of criminal law is that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime. This is because the fact that a person has committed one offense is not proof that he has committed another and because the effect of such testimony upon a jury is nevertheless bound to create prejudice and an emotional reaction on their part against the defendant." *Commonwealth v. Wright*, 259 Pa.Super. 293, 393 A.2d 833, 836 (1978). *Citing Commonwealth v. Burdell*, 380 Pa. 43, 47, 110 A.2d 193, 195 (1955). Certain exceptions to this general rule have been identified. One such special circumstance exists where the evidence of the other crime tends to prove "a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others." *Id.* Even where this

exception applies, a balancing test must be employed determining whether the need for the evidence outweighs its potential prejudice. *Id.*

Upon review I find that the Majority errs in finding that the evidence of this unrelated bad act was evidence of "design". I also note that the Majority neglects to take the necessary second step in analyzing this evidence to balance its need against the potential prejudice it may have caused. The Majority, relying on the authority of *Kline, supra,* permits the admission of this testimony because it involved sexual conduct which it found similar to the sexual abuse committed upon the victim in this case.

As the Majority states in a footnote, the *Kline* decision was expressly overruled in a opinion in the case of *Commonwealth v. Shively,* 492 Pa. 411, 424 A.2d 1257 (1981). Since the *Shively* decision was joined by only one justice, with two justices concurring in the result and two justices dissenting its language regarding the *Kline* decision may not be controlling. However, there are other cases interpreting *Kline* which provide guidance to its applicability. In *Commonwealth v. Bradley,* 243 Pa.Super. 208, 364 A.2d 944, 947 (1976), this court commented:

In *Kline,* the Pennsylvania Supreme Court stated that,: The word 'design' implies a plan formed in the mind. That an individual who commits or attempts to commit abnormal sex offences is likely to have such a mental 'plan' finds recognition in the fact that when a defendant is charged with the commission of a sexual offence the law is more liberal in admitting as proof of his guilt evidence of similar sexual offences committed by him than it is in admitting evidence of similar offences when a defendant is charged with the commission of non-sexual crimes.... In *Kline,* however, the defendant was charged with a rape occurring on October 20, 1946, and another witness testified that defendant exposed himself to her sometime late in October. "There was thus a close relationship in time, with the probability that the events occurred within a week of each other and the possibility

that they occurred the same day:" *Commonwealth v. Boulden,* [179 Pa.Super. 328, 116 A.2d 867 (1955)] 179 Pa.Super. at 347, 116 A.2d at 876. *We agree with Judge Woodside's opinion in Boulden that the rule of the Kline case should not be extended beyond its facts to permit evidence of events occurring more than one year prior to the offense charged.*

(emphasis added.)

In a footnote to this passage the *Bradley* court explained its rationale for utilizing a narrow interpretation of *Kline* as suggested by *Boulden.* The court stated: "Unless a discriminating analysis is utilized, a trial court may fall into the trap of admitting evidence of other crimes when, in fact, the only purpose of the evidence is to show depravity or propensity." *Id.*

The testimony of Appellant's viewing an X-rated video tape with his granddaughter concerned an action which occurred more than two years after the abuse which was the subject of the case. As noted by the Majority, the victim testified to a pattern of sexual abuse occurring between the years 1983 and 1986. The incident relayed by the granddaughter concerning the video tape was said to have occurred in February of 1988. I believe this two year time span alone was sufficient reason for the court to refuse the admission of this testimony. It's relevance to the case was not clear, and when weakened even further by the time span, the inevitable prejudice it produced certainly outweighed any probative value it may have had. Thus, in my mind, an error was committed when this evidence was admitted at trial.

Finally, I must also briefly add that I believe the Majority incorrectly concludes that the trial court properly refused to instruct the jury specifically that the absence of a prompt complaint by the victim is a matter to be considered in determining her credibility. Although as the Majority suggests, the absence of a prompt complaint may be common in child sexual abuse cases, it nevertheless remains a proper factor for consideration. As stated in *Commonwealth v.*

*Lane,* 521 Pa. 390, 555 A.2d 1246, 1250 (1989), "Unquestionably, a prompt complaint is a factor which must be assessed with all of the other pertinent evidence bearing upon the question of credibility of the complaining witness." Since Appellant requested an instruction on the correct state of the law in. this Commonwealth, I believe it was error to refuse this request.

For the above reasons I would vacate the Judgment of Sentence in this case and remand the matter for a retrial.