630 A.2d 1277

COMMONWEALTH of Pennsylvania, Appellant,

v.

Harold GERSTNER.

Superior Court of Pennsylvania.

Submitted Aug. 16, 1993.

Filed Sept. 21, 1993.

Kemal A. Mericli and Scott A. Bradley, Asst. Dist. Attys., Pittsburgh, for Com., appellant.

Foster A. Stewart, Pittsburgh, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

The Commonwealth appeals the trial court's order dismissing Harold Gerstner on the criminal charges of indecent assault and corruption of minors because the applicable statute of limitations period had been violated. The Commonwealth contends that the trial court erred in finding that the statute of limitations was not tolled pursuant to 42 Pa.C.S. § 5554, because the record established that Gerstner was a person responsible for the child's welfare. We agree, and reverse.

Gerstner was charged by Information on September 21, 1992, with one count of Indecent Assault, 18 Pa.C.S. § 3126, and one count of Corruption of Minors, 18 Pa.C.S. § 6301. The alleged criminal conduct occurred from May 1, 1984, through December of 1987, when Gerstner served as a baby-

sitter to the two minor children of a friend. On December 30, 1992, the Commonwealth filed a Notification of Commonwealth's Intention to Proceed Pursuant to the Tolling of Statute Of Limitations Provisions under 42 Pa.C.S. § 5554(3), wherein the Commonwealth averred: the dates on which the criminal conduct occurred; that the criminal complaint had been filed after the statute of limitations had run; the victim was and remains under 18 years of age; and, that Gerstner met the provisions of 42 Pa.C.S. § 5554 because he was the victim's mother's paramour and/or was a person responsible for the child's welfare while he was babysitting the child.

Gerstner filed an Omnibus Pretrial Motion which contained, *inter alia*, a motion to dismiss based upon the statute of limitations. Gerstner claimed that he did not fall within the exceptions established by § 5554(3), and, as a consequence, the statute of limitations had run.

Hearings on Gerstner's pretrial motions were held on January 26, 1993, and on February 22, 1993, before the Honorable Joan Orie Melvin, Court of Common Pleas of Allegheny County. At the January 26, 1993, hearing, the Commonwealth abandoned the claim that Gerstner and the victim's mother were paramours, choosing to pursue the claim that Gerstner was responsible for the child's welfare while he was watching the children. At this hearing, the victim's mother testified regarding Gerstner babysitting her children during the period in question. Following argument, the court took Gerstner's motion to dismiss under advisement. On February 22, 1993, the trial court granted Gerstner's motion to dismiss. This appeal follows.

On appeal, the Commonwealth maintains that the trial court erred when it concluded that Gerstner was not someone responsible for the child's welfare, and therefore held the statute of limitation was not tolled through application of § 5554(3). Following our examination of the record, we agree.

Section 5554, in pertinent part, states:

## § 5554. Tolling of statute

Except as provided by section 5553(e) (relating to disposition of proceedings within two years), the period of limitation does not run during any time when:

\*　　\*　　\*　　\*　　\*　　\*

(3) *a child is under 18 years of age, where the crime involves injuries to the person of the child caused by the wrongful act, or neglect, or unlawful violence,* or negligence of the child's parents or *by a person responsible for the child's welfare,* or any individual residing in the same home as the child, or a paramour of the child's parent.

42 Pa.C.S. § 5554 (emphasis supplied). It is without dispute in the record that the victim is under 18 years of age, and that lacking the application of § 5554, the statute of limitations on the alleged criminal acts has run. The critical determination to be made concerns the relationship between Gerstner and the victim.

At the January 26, 1993, hearing, the Commonwealth offered evidence to establish that relationship, i.e., that Gerstner was responsible for the child's welfare at the time of the alleged criminal acts. The victim's mother testified that she became acquainted with Gerstner through their mutual participation in an Alcoholics Anonymous program. After some six or eight months, during the summer of 1984, the mother asked Gerstner to babysit her two young daughters, ages 7 and 5. This arrangement lasted approximately three years, until 1987, when the victim was 10 and her sister was 8. Gerstner would babysit the children in his own home "sometimes once a week, sometimes less, sometimes more." When Gerstner watched the children, neither the victim's mother nor any other adult was present. Occasionally, the children would remain overnight with Gerstner; sometimes, the mother stayed at Gerstner's home with her children after Gerstner had watched them. However, most of the time, the two children were alone with Gerstner. The children looked upon Gerstner as a friend of the family. Gerstner was not paid for watching the children.

From these facts, the trial court concluded that Gerstner was not "someone who was responsible for the child's welfare." Instead, the trial court held that Gerstner:

> ... was merely a babysitter. The applicable cases stress that the Defendant exercises control over the victim and has the advantage of an authority figure that somehow deters the child from reporting the abuse. However, from the testimony of the child's mother, there wasn't any kind of emotional pressure on the child not to report the incident in a timely fashion. Accordingly, the Commonwealth is barred from prosecution notwithstanding 42 [Pa.C.S.] Section 5554(3). That's my ruling.

Notes of Testimony, February 22, 1993, page 5. It is apparent from the above statement that the trial court erred in its interpretation of both the statutory requirements and the applicable case law.

In *Commonwealth v. Bethlehem*, 391 Pa.Super. 162, 570 A.2d 563 (1989), *alloc. denied*, 525 Pa. 610, 577 A.2d 542 (1990), the child was abused by her uncle *at the victim's home while her parents were home*. The trial court held that § 5554(3) tolled the statute of limitations because, *inter alia*, the child's parents had placed their trust in the uncle, making him responsible for her welfare. We rejected this analysis, stating "We do not believe that in the context of this statute the phrase, 'person responsible for the child's welfare,' was intended by the legislature to apply to an uncle visiting the victim's parents' home." *Id.* at 168, 570 A.2d at 566. Noting that the parents were home and in the next room when the sexual assault occurred, we concluded that it was the parents, and not the visiting uncle, who remained the persons responsible for the child's welfare. "We construe the provision to apply to persons under whose permanent or temporary custody and control the parent(s) or legal guardian(s) have placed a child...." *Id.*

Unfortunately, the *Bethlehem* Court then analogized the phrase "a person responsible for a child's welfare" to "those who stand *in loco parentis* to the child." *Id.* This statement is dicta regarding the interpretation of § 5554(3). When

interpreting a statute, the legislative intent controls. 1 Pa. C.S. § 1921. Section 1921 states, in pertinent part:

### § 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

■ The term *in loco parentis* is not part of 42 Pa.C.S. § 5554; in fact, it is a specific, technical phrase used almost exclusively in matters of child custody. *See, e.g., Commonwealth ex rel. Morgan v. Smith,* 429 Pa. 561, 241 A.2d 531 (1968); *Spells v. Spells,* 250 Pa.Super. 168, 378 A.2d 879 (1977). Had the General Assembly intended to incorporate the term *in loco parentis* into § 5554, it would have done so. It chose not to do so, instead using the phrase "a person responsible for the child's welfare." We are guided by their actions.

■ Therefore, *Bethlehem* provides us with a definition of the term "person responsible for the child's welfare" in the context of § 5554(3) as merely one who has "permanent or temporary custody and control" of the child. Under the record facts of this case, it is apparent that Gerstner, as the babysitter, had temporary custody and control of the child at the time the alleged offenses took place. Hence, it cannot be refuted that Gerstner was responsible for the child's welfare, and consequently, the statute of limitation period was tolled by § 5554(3).

This is in accord with our holding in *Commonwealth v. Powers,* 395 Pa.Super. 231, 577 A.2d 194 (1990). There, the victim's grandfather was convicted of sexually abusing the child while he was babysitting the child when the parents were absent from the home. On appeal, Powers claimed that trial counsel was ineffective for failing to pursue a pretrial motion to dismiss on statute of limitation grounds. In finding that

Powers was not prejudiced by counsel's omission, we specifically stated that as "an adult baby-sitter for *absent* parents, [Powers] was acting as 'a person responsible for the child's welfare' within the meaning of the phrase in 42 Pa.C.S.A. § 5554(3)." *Id.* at 235, 577 A.2d at 195 (emphasis in original).

This same logic is applicable in this case. Gerstner was the child's babysitter, in *his home*, on a regular basis. He had temporary custody and control of both children, being responsible for them for hours at a time. This included those occasions when the young girls stayed in his house overnight, under his care, while the *mother was absent.* This arrangement lasted approximately three years. It was during these babysitting periods that the alleged criminal incidents took place. The trial court minimized these facts. That the child's mother and Gerstner were not paramours has no bearing on the determination of whether he was responsible for the child's welfare while babysitting. We conclude that Gerstner was, at the time of the alleged criminal acts, responsible for the child's welfare. The trial court erred by finding otherwise.

For the foregoing reasons, we reverse the order of the trial court dismissing the Commonwealth's case against Gerstner and discharging him. Case remanded for proceedings not inconsistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

DEL SOLE, J., files a dissenting statement.

DEL SOLE, Judge, dissenting.

I dissent for the reasons expressed in my Dissenting Opinion in *Commonwealth v. Powers*, 395 Pa.Super 231, 577 A.2d 194 (1990).