J. S27032/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY PARKER, | : | |
| | : | |
| Appellant | : | No. 438 EDA 2014 |

Appeal from the Judgment of Sentence January 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0006538-2011

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JULY 14, 2015**

Appellant, Anthony Parker, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a jury trial and convictions for rape of a child,[1] involuntary deviate sexual intercourse with a child,[2] aggravated indecent assault of a person less than thirteen years of age,[3] unlawful contact with a minor,[4] endangering the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 3125(a)(7).

[4] 18 Pa.C.S. § 6318(a)(1).

welfare of children,[5] indecent assault of a person less than thirteen years of age,[6] and corruption of minors.[7] Appellant contends that it was error for the court to admit into evidence a letter that was previously excluded at his first trial, which had resulted in a mistrial. He further contends the letter was not relevant and, regardless, was more prejudicial than probative. Appellant also claims the court failed to instruct the jury on a prompt complaint and improperly instructed the jury on flight. Finally, he asserts the court failed to merge his sentences for aggravated indecent assault and indecent assault. We hold Appellant is due no relief.

We adopt the facts set forth in the trial court's opinion. **See** Trial Ct. Op., 9/5/14, at 1-4. As part of the victim's recovery and counseling process, she was asked to write a letter to Appellant[8] that described her feelings and what she would say to him. N.T. Trial, 9/25/13, at 66. At Appellant's first trial, the court excluded that letter. Because of a hung jury, that trial ended in a mistrial, and Appellant was tried again.

At the end of voir dire for the second trial, Appellant orally moved to exclude the letter. N.T. Trial, 9/24/13, at 207. The court held Appellant's

---

[5] 18 Pa.C.S. § 4304(a)(1).

[6] 18 Pa.C.S. § 3126(a)(7).

[7] 18 Pa.C.S. § 6301(a)(1)(i).

[8] The letter was never intended to be read by Appellant. N.T. Trial, 9/25/13, at 66.

motion under advisement. *Id.* at 210. Subsequently, the Commonwealth asked the victim to read the letter into the record without objection by Appellant. N.T. Trial, 9/25/13, at 65-68. At the close of the Commonwealth's case, the Commonwealth moved for the admission of all its exhibits and Appellant affirmatively indicated he had no objection. N.T. Trial, 9/27/13, at 23-24.

The jury found him guilty of the above charges. On January 10, 2014, the court sentenced Appellant to an aggregate sentence of twenty-six to fifty-two years' imprisonment followed by a consecutive sentence of seventeen years' probation. The aggregate sentence included a consecutive sentence of four to eight years' imprisonment for aggravated indecent assault of a person less than thirteen years of age and a consecutive sentence of five years' probation for indecent assault of a person less than thirteen years of age.

On January 16, 2014, Appellant filed a post-sentence motion, which only challenged his aggregate sentence as excessive. The court denied Appellant's motion on January 28, 2014, and Appellant timely appealed on February 5, 2014. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

> Did not the lower court err in permitting the introduction of the complainant's . . . letter to [A]ppellant in its case in chief because (1) the law of the case doctrine prohibited the lower court from reconsidering [the decision of the

judge presiding over Appellant's first trial] grant of [A]ppellant's motion in limine precluding the letter, and (2) the letter does not independently satisfy Pennsylvania Rule of Evidence 803(3), and even if it were admissible, it is irrelevant?

Did not the lower court err in denying [A]ppellant's request for a prompt complaint instruction indicating the lack of a prompt report even though the disclosure occurred at least some five to six years after the alleged incident and [A]ppellant was no longer living in the home?

Did not the lower court err by giving a flight instruction to the jury where the evidence did not reasonable suggest that [A]ppellant knowingly evaded the police or knew the police were looking for him?

Did not the lower court impose an illegal sentence by failing to merge indecent assault of a person less than 13, 18 Pa.C.S. § 3126(a)(7), with aggravated indecent assault of a person less than 13, 18 Pa.C.S. § 3125(a)(7)?

Appellant's Brief at 4.

In support of his first issue, Appellant contends that the law-of-the-case doctrine barred the judge in the second trial from reversing the decision of the judge in the first trial to preclude admission of the victim's therapy letter. He also maintains that the letter does not satisfy any one of the exceptions to the hearsay rule. Regardless, Appellant insists the letter is irrelevant. We hold Appellant failed to preserve this issue for appellate review.

"The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion." ***Commonwealth v.***

***Reid***, 811 A.2d 530, 550 (Pa. 2002) (citation omitted). Failure to lodge a timely objection results in waiver of the claim on appeal. ***Commonwealth v. Murray***, 83 A.3d 137, 155 (Pa. 2013). Instantly, Appellant failed to object to the introduction of the victim's letter at the second trial; indeed, Appellant indicated he had no objection to the admission of the letter. ***See*** N.T. Trial, 9/25/13, at 65-68; N.T. Trial, 9/27/13, at 23-24. Thus, because Appellant waived the issue for appellate review, we discern no basis for relief. ***See Murray***, 83 A.3d at 155. Regardless, "the grant of a new trial 'wipes the slate clean,' so that a previous court's ruling on the admissibility of evidence generally does not bind a new court upon retrial . . . ." ***See Commonwealth v. Paddy***, 800 A.2d 294, 311 (Pa. 2002) (citations omitted).

We summarize Appellant's arguments in support of his second and third issues. Appellant alleges the court erred by refusing to instruct the jury regarding the absence of a prompt complaint by the victim. He notes the victim, then five years old, waited six years to report the assault. Appellant maintains the victim understood his actions were wrong well before she reported it. Appellant also contends the court mistakenly instructed the jury on flight. He reasons the Commonwealth failed to adduce sufficient evidence to justify the flight instruction. Appellant, we hold, is due no relief for either issue.

> In reviewing a challenge to the trial court's refusal to give
> a specific jury instruction, it is the function of this Court to

determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal.

*Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted); *accord Commonwealth v. Hawkins*, 701 A.2d 492, 511 (Pa. 1997). "The propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim." *Sandusky*, 77 A.3d at 667 (citation omitted).

In *Sandusky*, the defendant alleged the court erred by not giving the prompt complaint instruction. *Id.* The trial court refused to give the instruction based on reasoning that disregarded the case-by-case standard set forth above. *Id.* at 668. Thus, the Superior Court ascertained whether the trial court's error was harmless. *Id.* The *Sandusky* Court held that because the trial court's credibility instruction mirrored the Pennsylvania Suggested Standard Criminal Jury Instruction on witness credibility and the

defendant cross-examined the victims regarding their delay in reporting the criminal acts, no prejudice resulted. *Id.* at 669.

In *Commonwealth v. Powers*, 577 A.2d 194 (Pa. Super. 1990), the defendant alleged "the trial court erred in refusing to instruct the jury specifically that the absence of a prompt complaint by the victim must be considered in determining her credibility." *Id.* at 197. The *Powers* Court refused to find an abuse of discretion, reasoning, "[t]he charge given here adequately covered the general issue of credibility. To have given the charge requested would have given undue weight to a single factor in the jury's complex credibility analysis." *Id.* With respect to a flight instruction, this Court held there was no abuse of discretion when the "trial court explained that a motive other than consciousness of guilt may prompt flight." *Commonwealth v. Garcia*, 847 A.2d 67, 73 (Pa. Super. 2004).

After careful consideration of the parties' briefs, the record, and the decision by the Honorable Gwendolyn N. Bright, we affirm these two issues on the basis of the trial court's decision. *See* Trial Ct. Op. at 4-6 (holding facts did not justify issuance of prompt complaint instruction and court instructed the jury that Appellant claimed he was unaware police were looking for him and flight does not necessarily establish consciousness of guilt); *see also Garcia*, 847 A.2d at 73. Even assuming the trial court erred by failing to give a prompt complaint instruction, the court—similar to the trial court in *Sandusky*—instructed the jury generally on credibility.

*See* N.T. Trial, 9/30/13, at 105-08; *Sandusky*, 77 A.3d at 669. Thus, any error was also harmless. *See Sandusky*, 77 A.3d at 669.

Lastly, Appellant contends the trial court imposed an illegal sentence. He reasons that a conviction of indecent assault of a complainant under the age of thirteen merges into the offense of aggravated indecent assault of a complainant under the age of thirteen. Appellant acknowledges that in *Commonwealth v. Allen*, 856 A.2d 1251 (Pa. Super. 2004), this Court held the offenses do not merge, but maintains *Allen* is wrong. Appellant's Brief at 39. Appellant acknowledges that a panel of this Court cannot overrule *Allen*, but asserts that after *Allen*, the aggravated indecent assault statute was amended to include divisible offenses:

> The United States Supreme Court has recognized that where a statute involves "divisible offenses"—the kind which "sets out one or more elements of the offense in the alternative" it is proper to examine which alternative is at issue. *See United States v. Descamps*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013). The current indecent assault provision is such a statute.

*Id.* at 41-42. Appellant thus reasons this Court could hold merger was warranted without contradicting *Allen*. We hold Appellant is not entitled to relief.

The issue of merger is a question of law, and therefore "our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Williams*, 920 A.2d 887, 888-89 (Pa. Super. 2007) (citation omitted). In Pennsylvania,

> [n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "The doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." ***Commonwealth v. Evans***, 901 A.2d 528, 536 (Pa. Super. 2006) (citation omitted).

Aggravated indecent assault of a person less than thirteen years of age is defined as follows:

> **(a) Offenses defined.**—Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> \* \* \*
>
> (7) the complainant is less than 13 years of age . . . .

18 Pa.C.S. § 3125(a)(7). Indecent assault of a person less than thirteen years of age is defined as follows:

> **(a) Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine

> or feces for the purpose of arousing sexual desire in the person or the complainant and:

> \* \* \*

> (7) the complainant is less than 13 years of age . . . .

18 Pa.C.S. § 3126(a)(7). At the time **Allen** was decided, Section 3126(a) defined indecent assault as follows:

> **(a) Offense defined.—**A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if

> \* \* \*

> (7) the complainant is less than 13 years of age . . . .

18 Pa.C.S. § 3126(a)(7) (1995) (amended 2005). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

In **Allen**, our Court examined whether "whether the offenses of indecent assault and aggravated indecent assault are greater and lesser-included offenses." **Allen**, 856 A.2d at 1253. The **Allen** Court held they did not merge, reasoning as follows:

> Aggravated indecent assault includes an element that is not required to commit indecent assault. That element is penetration of the genitals or anus of the victim. Indecent assault includes an element that is not required to commit aggravated indecent assault. That element is proof of arousing or gratifying sexual desire. [**See** 18 Pa.C.S. § 3101.]

> Since each crime has an additional element not included in the other crime, neither is a lesser-included offense of the other.

*Id.* at 1254.

We are bound by *Allen*, and therefore discern no basis for granting Appellant relief. Appellant, however, suggests that the inclusion of divisible offenses in the present indecent assault statute, *i.e.*, "intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant," *see* 18 Pa.C.S. § 3126(a), requires this Court to identify under which clause Appellant was convicted. We need not engage in that identification because both clauses incorporate the element of arousing sexual desire—an element absent from the aggravated indecent assault statute. *Compare id.*, *with* 18 Pa.C.S. § 3125(a). Accordingly, having discerned no error of law, *see* *Williams*, 920 A.2d at 888-89, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015

- 11 -

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0006538-2011

:     **FILED**

CP-51-CR-0006538-2011 Comm. v. Parker, Anthony
Opinion

V.

7195528561

:     SEP 0 5 2014

:     **Criminal Appeals Unit**
**First Judicial District of PA**

:     SUPERIOR COURT OF PENNSYLVANIA

ANTHONY PARKER     :     438 EDA 2014

OPINION

BRIGHT, J.

On May 11, 2011 Appellant was arrested and charged with Rape of a Child, Involuntary Deviate Sexual Intercourse of a Child, Aggravated Indecent Assault, Unlawful Contact with a Minor, and related offenses and on September 30, 2013 following a jury trial before this Court he was found guilty of those crimes. On January 10, 2014 Appellant was sentenced to a lengthy term of imprisonment. Post Sentence Motions were filed on January 16, 2014 and on January 28, 2014 they were denied. This timely appeal followed on February 15, 2014.

Pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Errors Complained Of On Appeal. Appellant responded complaining that the Court erred in denying his request for a prompt complaint instruction to the jury; that the Court erred in instructing the jury regarding flight; that the Court erred in permitting the introduction of the complainant's letter to Appellant; and that the Court committed error in the imposition of sentence.

FACTS

Complainant, SC, testified that in 2004-2005, when then between the ages of five and seven years, she resided on Guyer Street, Philadelphia, PA with her mother, Jawanna Johnson, her

younger brother, and Appellant. Appellant was her mother's boyfriend at the time and is her brother's natural father. N.T.[1] 9/25/2013 @ 42-43. In her testimony SC described multiple incidents during which Appellant sexually assaulted her and inappropriately touched her body and her private parts. On one occasion Complainant stated that Appellant entered the bathroom of the house when she was nude, which her mother strictly prohibited, and another when he asked her to go to bed nude, saying the next morning that he checked during the night and was angry because she did not comply with his request. She described an incident where Appellant began rubbing Complainant's leg while he sat with her in the family dining room assisting Complainant with homework. Id. @ 46-48. SC went on to testify about an incident where Appellant was sitting with her on the living room couch watching television. She stated that Appellant unzipped his pants, pulled out his penis, and made her put her mouth on it. Id. @ 49. Finally, SC described an occasion when she was sitting on the living room floor watching television when Appellant pulled down her underwear and began touching the inside of her vagina. Id. @ 50. She testified that on that occasion, Appellant was on the floor with her and that he placed his penis inside her vagina. Id. @ 51-53, 101-103. Complainant stated that she did not report these incidents to anyone because Appellant threatened that if she told anyone he would hurt her family. Id. @ 54.

Jowanna Johnson, Complainants' mother, testified that between 2004 and 2005 she had a relationship with Appellant. Appellant moved into Johnson's home and later they had a son, AP. Id. @ 125-126. Johnson stated that eventually Appellant became physically and mentally abusive towards her, their relationship ended, and Appellant moved out of the house. Id. @ 126.

---

[1]N.T. refers to the Notes of Testimony at the jury trial before the Honorable Gwendolyn N. Bright on September 25-30, 2013. The specific date to which reference is made follows the notation "N.T.".

2

Johnson testified further that in early February 2011 she detected that something was seriously disturbing Complainant and Johnson asked a trusted friend and neighbor, Aisha Taylor, to speak with SC to ascertain the problem. Id. @ 110-112. Taylor spoke with Complainant whereupon Complainant reported that when she was younger Appellant was molesting her. Id. @ 113-114. Taylor immediately contacted Johnson and insisted that she have a talk with Complainant and insisted that Complainant's natural father, Himmiea Cooper, be present. Id. @ 116, 129, N.T. 9/26/2013 @ 9-11. The next day Complainant told her mother and father that Appellant was sexually assaulting her. N.T. 9/25/2013 @ 130, N.T. 9/26/2013 @ 11. Cooper testified that Complainant explained that she did not report the incidents to them earlier because Appellant threatened to kill them and Cooper's father. N.T. 9/26/2013 @ 12.

After finding out about these incidents of sexual assault, Cooper and Johnson searched for Appellant to no avail. Id. Cooper testified that he made inquires and went to multiple locations, spoke with members of Appellant's family and former girlfriends. He searched for almost a month. Id. Cooper admitted that he was searching for Appellant to do him harm for what he had done to his daughter. Id. @ 13-14. When he was unable to locate Appellant, however, he and Complainant's mother called police. Philadelphia Police Officer Edward Lichtenhahn, assigned to the Special Victims Unit, testified that an arrest warrant was issued for Appellant on April 12, 2011. Lichtenhahn testified that officers went to approximately 12 different addresses for Appellant and were initially unsuccessful. Id. @ 66-67. Lichtenhahn spoke with several persons and left cards with them and at the addresses he visited which contained information for Appellant to contact police. Appellant was finally found and arrested on May 11, 2011. Id. @ 67.

Complainant was interviewed at the Philadelphia Children's Alliance and examined by the

Medical Director of the Child Protection Program at Saint Christopher's Hospital for Children, Dr. Maria McColgan. Dr. McColgan testified that she examined Complainant on October 16, 2012 and that she found that Complainant was normal with no definitive signs of penetrative trauma, which was normal for a young girl of Complainants age and maturity. Id. @ 12-14. She explained: That the abuse in this case was reported long after it stopped and any injury there might have been would have hearled. She added that SC had gone through puberty since the incidents and that the changes taken place would have masked any signs of injury. Id. @ 19.

## DISCUSSION

Appellant first complains that the Court erred in denying his request for a prompt complainant instruction to the jury. This claim is without merit.

In *Commonwealth v. Thomas*, 904 A.2d 964, 2006 PA Super 192, the Superior Court of Pennsylvania elucidated as follows:

> "In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.
>
> ...
>
> The prompt complaint instruction is based upon a belief that a victim of a violent assault would reveal the assault occurred at the first available opportunity; the purpose of the instruction is to allow a jury to call into question a complainant's credibility when he or she did not complain at the first available opportunity.
>
> The propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim. For example, where the victim of a sexual assault is a minor who may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication.

4

This is especially true where the perpetrator is one with authority or custodial control over the victim. Similarly, if the victim suffers from a or diminished capacity, a prompt complaint instruction may not be appropriate."

*Commonwealth v. Thomas, supra,* 904 A.2d @ 971. In the instant case, SC was approximately five years of age at the time of these incidents and the perpetrator was her mother's live-in boyfriend who was in a position of authority over her and left to care for the minor child while her mother was away. There was no physical violence perpetrated to alert SC of the extreme nature of Appellant's conduct. Moreover, the Court carefully and thoroughly instructed the jury on determining and weighing the credibility of each witness. Error was not committed.

Appellant also complains that the Court erred in instructing the jury regarding flight. This claim is likewise without merit.

The trial court has broad discretion in determining, phrasing, and accurately presenting its jury instructions, and only when there is an abuse of discretion or an inaccurate statement of the law is there reversible error. *Commonwealth v. Kerrigan,* 920 A.2d 190 (Pa. Super. 2007). In the case *sub judice,* the Commonwealth introduced evidence that upon learning of the Appellant's crimes, Complainant's mother and father searched for him for a month and was unsuccessful in spite of their best efforts. Philadelphia Police Officer Edward Lichtenhan testified that police went to eighteen addresses where Appellant was known to have lived, leaving cards with information for Appellant to contact police, and there was no response to their efforts. Based upon the evidence the Court instructed the jury as follows:

> "There was evidence including the testimony of police officer Edward Lichtenhahn that may have tended to show that the defendant may have hid from police. That is that when the police went to all of the defendant's addresses of record over the course of a month, leaving their cards at all of the locations, and that the defendant did not contact the police in response to their attempts. The defendant maintains that he was not aware that the police were looking for him. The credibility, weight, and effect of this evidence is for you to decide. Generally speaking, when a crime has been committed that a person thinks he is or

5

may be accused of committing and he conceals himself, such concealment is a circumstance tending to prove the person is conscious of guilt. Such concealment does not necessarily show consciousness of guilt in every case. A person may conceal or hide himself for some other motive and may do so even when innocent. Whether the evidence of possible concealment in this case should be looked at as tending to prove guilt depends upon the facts and circumstances of this case and especially upon motives that may have prompted the concealment. You may not find the defendant guilty solely on the basis of evidence of flight or concealment." N.T. 9/30/2013 @ 112.

This instruction is appropriate and accurate. Error was not committed.

Appellant next complains that the Court erred in permitting the introduction of Complainant's letter to Appellant in the Commonwealth's case in chief. Specifically, Appellant claims the admission of Complainant's letter to Appellant is prohibited by the law of the case doctrine. This claim is without merit.

In _Commonwealth v. Starr_, 541 Pa. 564, 664 A.2d 1326 (1995), the Supreme Court of Pennsylvania stated:

> "The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.... The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy...but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end."

_Commonwealth v. Starr, supra_, 541 Pa. @ 574, 664 A.2d @ 1331, _Commonwealth v. McCandless_, 2005 PA. Super. 280, 880 A.2d 1262 (Pa. Super. 2005). The law of the case doctrine is not, however, inflexible. _Commonwealth v. McCandless, supra_, 880 A.2d @ 1268.

In _McCandless_ the Superior Court of Pennsylvania elucidated:

> "This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of _res judicata_. "The prior ruling may have been followed as the law of the case but there is a difference between such adherence

6

and *res judicata;* one directs discretion, and the other supercedes it and compels judgment. In other words, in one it is a question of power, in the other of submission." The rule of the "law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power."

*Commonwealth v. McCandless, supra.* The doctrine is based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency. *Commonwealth v. Hernandez,* 39 A.3d 406, 2012 PA Super 40. Departure from the law of the case doctrine has been previously allowed in circumstances where there has been a change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed. *See, Commonwealth v. Starr, supra.*

In the case *sub judice* a retrial was necessitated following a hung jury. The first trial was presided over by a different judge of this Court of coordinate jurisdiction. That judge granted a motion in limine ruling that a letter the Complainant wrote to Appellant while in the course of psychotherapy which she received after she was raped and sexually assaulted was inadmissible. After ruling, the defense opened the door to its use, and the letter was ruled admissible and was then read to the jury. This intervening consequence undermines the policy upon which the law of the case doctrine is based. This Court exercised its discretion to permit the introduction of the letter into evidence in the subsequent trial of the case. Error was not committed.

Finally, Appellant complains that the sentence imposed was illegal as the Court did not merge certain offenses for sentencing purposes. Specifically, Appellant asserts that the sentence imposed was illegal as the language of 18 Pa.C.S. § 3215 (relating to aggravated indecent assault) expressly requires any sentence to merge with the charges of Rape and Involuntary deviate sexual intercourse by including the proviso "except as provided by"; and the sentence imposed for indecent

7

assault and indecent assault of a child under 13 merge with the other offenses or, in the alternative, merge with each other. These claims are without merit.

42 Pa.C.S.A. § 9765 provides, in pertinent part, as follows:

"No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense."

In the instant case sentence was imposed for the crimes of Rape of a Child, Aggravated Indecent Assault of a Complainant less than 13 years old, Unlawful Contact With a Minor, Endanger the Welfare of Children, Indecent Assault of a Person Less than 13 Years Old, and Corrupting the Morals of a Minor. 18 Pa.C.S.A. § 3121(c) provides that "(a) person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b) provides that "(a) person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age. 18 Pa.C.S.A. § 3123(e) defines 'forcible compulsion' as follows:

"(e) Definition.--As used in this section, the term "forcible compulsion" includes, but is not limited to, compulsion resulting in another person's death, whether the death occurred before, during or after the sexual intercourse."

Clearly, all of the statutory elements of rape of a child are included in the statutory elements of involuntary deviate sexual intercourse with a child. Appellant's reference to the language in 18 Pa.C.S. § 3215 is of no avail as 18 Pa.C.S. § 3215 relates to publicly owned facilities; public officials and public funds. Error was not committed.

8

Appellant also asserts that the sentence imposed for indecent assault and the sentence imposed for indecent assault of a child under 13 merge with the other offenses or, in the alternative, merge with each other. This claim is likewise without merit.

At the outset, the Record reflects that the Court imposed sentence for the crime indecent assault of a child under 13, 18 Pa.C.S.A. § 3126(7), not for indecent assault generally. 18 Pa.C.S.A. § 3126 defines Indecent Assault, in pertinent part, as follows:

"§ 3126. Indecent assault

(a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

...

(7) the complainant is less than 13 years of age ..."

Here again, it is clear that all of the statutory elements of indecent assault of a child under 13 are not included in the statutory elements of any other offense on which sentence was imposed. Error was not committed.

## CONCLUSION

For the foregoing reasons, error was not committed and the Judgment of Sentence should be affirmed.

BY THE COURT

DATE: 9/5/14

BRIGHT, J.

9